CHARLES A. FAGAN AND JEANETTE FAGAN, PLAINTIFFS-RESPONDENTS, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, A BODY CORPORATE, DEFENDANT-APPELLANT.

Argued October 17, 1934—Decided January 10, 1935.

For the appellant *Merritt Lane*.

For the respondent, *Theodore D. Parsons*.

The opinion of the court was delivered by

KAYS, J.   This is an appeal from a judgment entered in the New Jersey Supreme Court in favor of the plaintiff.   The case was tried before Judge Lawrence and a jury at the Monmouth Circuit.

The suit was by Charles A. Fagan and Jeannette Fagan, his wife, against the Hartford Accident and Indemnity Company, the insurer, for compensation for injuries sustained by them in a collision with a car driven by Richard Hanaway, the insured, and against whom plaintiffs had recovered a judgment.   The defense in the present suit was that Hanaway had failed to "co-operate" in the original suit as required by the terms of the policy.   The accident occurred on December 5th, 1931.   The Fagans brought suit in the Monmouth County Court of Common Pleas against Hanaway, the insured.   Hanaway reported the accident to the company and made a written statement to the company concerning the facts surrounding the same.   The case in the Common Pleas

Court was called for trial on September 22d, 1932, at which time Hanaway, it appears, was in court. The attorney, who had charge of the trial for Hanaway and who had been employed by the insurance company, asked to have the case postponed until the following morning, which request the trial judge granted. After the jury had been called the attorney for the defendant announced that he withdrew from the case because of the failure of the defendant to appear and defend. Hanaway, however, had been at the office of the attorneys prior to the trial, had discussed the matter with them and produced his witnesses at the attorneys' office whose statements were taken stenographically. On the morning of the trial defendant's name was called three times whereupon it was stated that he could not be found and the attorney representing him, as above mentioned, left the court room. The case proceeded to trial, however, and judgment was recovered in favor of the plaintiffs and against the defendant for about $20,000. Thereafter the case now before us was begun by Charles A. Fagan and his wife against the defendant insurance company for the reason that Hanaway had been adjudicated a bankrupt and the judgment could not be collected from him. At the trial of the case now before us Hanaway was called as a witness for the insurance company and testified that on the day of the former trial he could not find one of his witnesses; that he went to his father's place and found that his father, who was to be a witness, was busy and that he did not come to the trial because he was disgusted. As against his testimony, however, the plaintiff Charles A. Fagan, and another witness, Abraham Westwood, both testified that they had seen Hanaway in the court house on the morning of September 23d, the day of the trial. It does not appear in the case that the witnesses for the defendant in the Common Pleas Court had been subpœned by the defendant's attorney.

A motion was made by the defendant at the close of plaintiff's case for a nonsuit on the ground that the defendant, Hanaway, had failed to comply with provision "E" of the insurance policy which read as follows: "The assured must

co-operate fully with the company in disclosing all the facts known to him about the happening of every accident, the making of every claim and the filing of every suit, and also shall render his aid in the securing of evidence, the attendance of witnesses at a trial or hearing and in the prosecution of an appeal in the event one is taken." This motion was denied by the court and was made one of the grounds of appeal to this court.

It cannot be seriously contended that Hanaway failed to co-operate with the insurance company in obtaining· evidence and producing witnesses. It was not Hanaway's duty to draw and issue subpœnas nor to have them served on the witnesses. Shortly after Hanaway's attorney withdrew from the case the plaintiff informed his attorney that he had seen Hanaway in the court house near another court room; that he had spoken to him and Hanaway asked plaintiff where the court room was located; that Hanaway and an older man, who was with him, then walked in the court room near which he was standing and sat down. There was also testimony by one, Abraham Westwood, that he saw Hanaway on the morning of the trial near the same court room where plaintiff had seen him. On the other hand, Hanaway testified that he was not in the court room nor in the court house on the twenty-third when the case was called. The trial judge, therefore, submitted the question to the jury as to whether or not Hanaway was in the court room on the morning of the trial. The judge told the jury that it undoubtedly was Hanaway's duty to appear in court and that it was for them to determine what actually occurred on the morning of the trial and whether Hanaway's failure to appear was due solely to his own fault. Appellant relies upon several cases, one of which is *Hutt* v. *The Travelers Insurance Co.,* 110 *N. J. L.* 57, decided by this court. In the Hutt case defendant did not appear in court and sent a telegram stating, "cannot get to Freehold to-day." There was no conflicting testimony as to whether or not defendant did appear in court. The Supreme Court, in the case of *Tuder* v. *Commonwealth Casualty Co.,* 10 *N. J. Mis. R.* 1206; 163 *Atl.*

*Rep.* 27, held that, lack of co-operation had not been proved where it appeared that defendant was not in court at the time of the trial although he had been told to appear and that an investigator, who had been sent to the insured's home a few minutes earlier, had not found him there. Lack of co-operation must be proved and where there is conflicting evidence it is for the jury to say whether such failure or lack of co-operation took place. The trial court, therefore, properly left this question to the jury.

The other points made for reversal by counsel for the appellant deal with the failure of the court to charge certain requests and with certain portions of the charge of the court which counsel claims are erroneous. The requests were to the effect that the attorney for the insurance company was not obliged to ask for an adjournment; that if Hanaway was instructed to appear at his attorney's office at a certain time and did not appear it constituted lack of co-operation or if he failed to communicate with his attorney it also constituted lack of co-operation. We think the judge properly refused to charge these requests for the reason that under all the evidence in the case it was for the jury to say whether or not there was a lack of co-operation.

Counsel claims that the judge erroneously charged the jury when he stated to the jury, in effect, that it was for them to determine whether or not counsel was justified in withdrawing from the case under the evidence produced or whether counsel was under a duty, according to the evidence, to communicate with his client, and also because he charged the jury that it was for them to determine under the evidence whether Hanaway was in the court house on the morning of the trial and that if he failed to co-operate, as he was required to do under the terms and provisions of the policy, then the plaintiff in the suit could not recover. We think the judge's charge, in respect to these questions, was proper and we find no error therein. The judge told the jury that if they found under a fair preponderance of the proof that Hanaway was not in court on the morning of the trial and that his reason for not appearing was his disgust for the litigation

then he was not co-operating as required under the terms of the policy, and that if they so found, that would be the end of the case and their verdict would be no cause for action. We think this was a proper submission of the facts to the jury.

The judgment under review is, therefore, affirmed.

*For affirmance*——THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.