JAMES P. CURRAN *v.* THE CONNECTICUT INDEMNITY COMPANY OF NEW HAVEN.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued February 5—decided May 8, 1941.

*George C. Morgan* and *William J. Willetts,* with whom, on the brief, was *Griswold Morgan,* for the appellant (plaintiff).

*Joseph F. Berry,* for the appellee (defendant).

MALTBIE, C. J. The plaintiff recovered a judgment against Frank Carey for serious injuries received as a result of Carey's negligence in the operation of an automobile in which the plaintiff was riding as a passenger and which came into collision with another car. Operation of the car by Carey was within the coverage of an insurance policy issued by the defendant, and he

was an additional assured within its terms. The plaintiff accordingly brought this action to recover from the defendant the amount of the judgment secured against Carey. The defendant, in answer, pleaded that Carey had failed to comply with the provisions in the policy requiring an assured to co-operate in the defense of any action brought against him within the coverage of the policy. Subsequent pleadings raised the issue of the defendant's right in this action to take advantage of Carey's failure in this regard. The jury rendered a verdict for the defendant and the plaintiff has appealed from the denial of a motion to set the verdict aside and from the judgment, in the latter claiming error in the charge to the jury.

The defendant in the policy agreed to pay any loss from liability imposed by law upon the assured for bodily injuries or death, and, further, to defend in the name and on behalf of the assured any suit alleging such bodily injuries or death. The policy stated, however, that the agreement was subject to certain conditions, among them being these: That the assured would give to the defendant immediate written notice of any claim or suit arising or resulting from an accident, with every summons or other process served therein, that he must co-operate fully with the company in disclosing all the facts known to him about the happening of the accident, the making of every claim and the filing of every suit, and that he must also render his aid in securing evidence and the attendance of witnesses at a trial or hearing.

As there is little dispute as to the material facts except in one instance, of which we shall speak, and the same issues are involved in both the appeal from the denial of the motion to set the verdict aside and the appeal from the judgment, we shall discuss them together. The accident occurred on August 18, 1935.

Soon thereafter notice of it was given to the defendant, and Harry Erdmann, representing it, made an investigation and took statements from various persons present when it occurred, including Carey. Carey was at the time an inmate of a federal transients' camp. On July 23, 1936, Erdmann, in order to check up on him, visited the camp, which was to close within a very short time. Carey then told him that no action had been brought against him. Erdmann gave Carey his card with his name and address on it, and told him to write him where he could be found and to send him any papers in any action which he received. At about this time the plaintiff brought the action in which the judgment now in suit was rendered, naming as defendants Carey, the driver of the other car in the collision, and the named assured. The writ was served on Carey the same day Erdmann talked with him. Carey did not send it to the defendant, nor did he thereafter communicate with it, and although Erdmann subsequently made diligent search for him he could not be found. Copies of the writ and complaint were sent to the defendant by the named assured but there is no evidence that the defendant knew that the action had been served on Carey, and nothing from which we can so conclude, at least up to the time of the trial. Attorneys representing the defendant entered an appearance for its named assured but not for him. He was not present at the trial. Ultimately judgment was entered for all the defendants except Carey, and a default judgment was rendered against him with a later assessment of damages to the amount of $7500.

In the absence of estoppel, waiver or other excuse, co-operation by the assured in accordance with the provision of the policy is a condition the breach of which puts an end to the insurer's obligation. *Guerin* v. *In-*

*demnity Ins. Co.,* 107 Conn. 649, 654, 142 Atl. 268; *Metropolitan Casualty Ins. Co.* v. *Colthurst,* 36 Fed. (2d) 559, 561; *Coleman* v. *New Amsterdam Casualty Co.,* 247 N. Y. 271, 276, 160 N. E. 367; *United States Fidelity & Guaranty Co.* v. *Wyper,* 60 Fed. (2d) 856, 858; *Bruggeman* v. *Maryland Casualty Co.,* 73 Fed. (2d) 587, 588; *Marley* v. *Bankers Indemnity Ins. Co.,* 53 R. I. 289, 292, 166 Atl. 350. It is true that the condition of co-operation with an insurer is not broken by a failure of the assured in an immaterial or unsubstantial matter. *Rochon* v. *Preferred Accident Ins. Co.,* 118 Conn. 190, 198, 171 Atl. 429; 72 A. L. R. 1455; 98 A. L. R. 1469. In determining whether a condition to co-operate has been broken, we are dealing with contract rights, and if there has been a breach, prejudice need not appear. *Coleman* v. *New Amsterdam Casualty Co.,* supra. The reason why immaterial and unsubstantial failures of an assured do not constitute a breach is because they are not included within the fair intendment of the requirement that the assured co-operate, and lack of prejudice to the insurer from such failure is a test which usually determines that a failure is of that nature. Conduct on the part of an assured which makes it impossible for the insurer to get in touch with him in the face of an impending trial, although diligent search is made for him, could rarely, if ever, be regarded as an unsubstantial or immaterial failure to co-operate. *Goldberg* v. *Preferred Accident Ins. Co.,* 279 Mass. 393, 397, 181 N. E. 235; *Fagan* v. *Hartford Accident & Indemnity Co.,* 114 N. J. L. 281, 285, 176 Atl. 388; *Metropolitan Casualty Ins. Co.* v. *Blue,* 219 Ala. 37, 42, 121 So. 25; *Bauman* v. *Western & Southern Indemnity Co.,* 230 Mo. App. 835, 846, 77 S. W. (2d) 496.

In this case it appears that in defense of the original action an answer was filed during the trial to the effect

that the plaintiff assumed the risk of injury and was guilty of heedless and reckless misconduct in riding with Carey when he knew or should reasonably have known that by reason of his intoxication Carey was in an unfit condition to operate the car; and certainly Carey's testimony would be material in support of such a defense. We cannot hold that, upon the evidence in the case, a conclusion that Carey had failed to meet the condition of the policy requiring him to co-operate with the defendant was not a reasonable one.

The plaintiff's principal contention is that the conduct of the defendant was such as to excuse Carey from any obligation to co-operate with it. He first points to its failure to appear for Carey in the original action. He is not relying upon this conduct as a breach of the contract of insurance which would discharge it, because he is basing his entire right to recover upon that contract. His claim must be that the defendant, by not appearing, is either estopped to claim a breach of the condition that Carey co-operate with it or has waived compliance with that condition. Even if we assume that the naming of Carey as a defendant in the writs which were sent the defendant was sufficient to impose an obligation upon it to appear for him, although he failed to notify it that he had been sued, and, at least until it appeared in court to defend the action, it had no knowledge that he was in fact made a party defendant by the service of the writ upon him, the plaintiff still cannot prevail upon this claim. If Carey were bringing this action, he could not claim an estoppel on this ground because there is no evidence that he knew of the failure of the defendant to appear for him and consequently no basis for claiming that he was misled to his injury, which would be essential to the establishment of an estoppel. *O'Connor* v. *Metropolitan Life Ins. Co.*, 121 Conn. 599, 610, 186 Atl. 618.

Nor could he claim that the failure of the defendant to appear for him constituted a waiver of the requirement in the policy that he co-operate with it. As far as appears, he did not know whether or not it had made such an appearance. Waiver of this nature is an excuse which justifies the other party to the contract in not performing the condition upon which liability depends and works a change in the contractual rights of parties. 3 Williston, Contracts (Rev. Ed.) § 689. This necessarily implies that the circumstances upon which the waiver is claimed to rest must come to the knowledge of the party to the contract seeking to take advantage of it, for only so can he who is claiming the excuse find justification for not performing. Under the circumstances of this case, the failure of the defendant to appear for Carey did not excuse him from his obligation to co-operate with it.

The plaintiff offered evidence to prove that Erdmann, after the action had been brought, made certain statements in the presence of the plaintiff and his attorney, and it contends that the defendant is estopped to claim a breach by Carey of his obligation to co-operate with it and has waived its right to take advantage of that breach because of them. These statements were to the effect that the defendant would not defend the original action because Carey was drunk and that Erdmann was not interested in it because the policy did not cover the accident. For the purpose of considering the motion to set the verdict aside, it would be sufficient to point out that Erdmann denied making such statements and we cannot assume that the jury believed the plaintiff's witnesses. However, the trial court removed from the consideration of the jury any question of estoppel or waiver; in its claims of proof, the plaintiff included the fact that these statements were made; and if they could be held to be the

basis of an estoppel or waiver, the trial court was in error in withdrawing the issues from the jury. We therefore approach the question from the standpoint that the plaintiff had proved that these statements were made. Carey, if he were bringing this action, could not claim an estoppel based upon these statements in the absence of any evidence that they came to his knowledge, because if they did not he could not have been misled to his injury. *O'Connor* v. *Metropolitan Life Ins. Co.,* supra. Had the statements come to Carey's notice they might have justified him in believing that the company was not going to insist upon further co-operation and might have been the basis of a claim of waiver upon his part. As they did not, for the reasons we have already given, no waiver could be found which would excuse Carey for his failure to meet the requirements of the policy that he co-operate with the defendant. *Nevil* v. *Wahl,* 228 Mo. App. 49, 58, 65 S. W. (2d) 122.

The general rule is that where a judgment creditor of an assured brings an action against the insurer under our statute permitting this to be done, the creditor stands in the shoes of the assured and any defense which would be good against the latter is good against the former. *Guerin* v. *Indemnity Ins. Co.,* 107 Conn. 649, 653, 142 Atl. 268; *Bartlett* v. *Travelers Ins. Co.,* 117 Conn. 147, 153, 167 Atl. 180. As Carey could not claim either an estoppel or a waiver, his failure to co-operate with the defendant is a good defense in the present action. In *Hartford Accident & Indemnity Co.* v. *Randall,* 125 Ohio St. 581, 183 N. E. 432, a case relied upon by the plaintiff, it appeared that an agent for the insurer, after investigating the accident in which the assured was involved, told the attorney representing the plaintiff that the company would not defend the assured and disclaimed all liability for the

results of the accident, and it was held that the insurer was thereby estopped to defend upon the ground that the assured had not given notice to it of the bringing of the action against him. The basis of that decision was that the plaintiff might himself have given notice to the insurer of the bringing of the action against the assured. Even if we should accept that decision as authoritative, it differs radically from the situation before us because here the plaintiff could not have performed Carey's obligation to co-operate with the defendant in the defense of the action, particularly as he was the adverse party to the suit. We see no escape from the conclusion that the ordinary rule would apply here and as Carey could not have recovered upon the policy the amount of any judgment rendered against him, the plaintiff cannot prevail in this action.

There is no error.

In this opinion the other judges concurred.