DOREEN C. O'CONNELL ET AL v. THE HARTFORD TIMES, INC.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 77547

Memorandum filed June 17, 1947.

*Joseph Sarcia,* of Hartford, for the Plaintiff.

*Butler, Volpe & Garrity,* of Hartford, for the Defendant.

COMLEY, J. The plaintiffs, mother and daughter, claim damages on the ground that the defendant published in its newspaper a "story to the effect that the plaintiff (daughter) was killed in an automobile accident early that morning while driving an automobile near Stamford, Connecticut"; that said "story was utterly false, unfounded and untrue"; that said story was published "negligently, carelessly and recklessly and with-

out justification on the part of the said defendant"; and that as a result of the publication the plaintiffs sustained great mental suffering.

The defendant has demurred to the complaint. The plaintiffs claim that they have a cause of action based on injuries sustained as a result of the defendant's negligence. Injuries such as the mental disturbances described in this complaint are not actionable when unaccompanied by physical injury unless the plaintiff has come within the range of physical danger as a result of the defendant's negligence. *Orlo* v. *Connecticut Co.*, 128 Conn. 231.

The complaint cannot be sustained on the ground that it states a cause of acton for libel. Libel is "a false and malicious publication of a person which exposes him to public ridicule, hatred or contempt, or hinders virtuous men from associating with him." *Burns* v. *Telegram Publishing Co.*, 89 Conn. 549, 552. Obviously, there is nothing of that nature in the mere statement that the plaintiff daughter had been killed in an automobile accident. When the court can say that a publication is not reasonably capable of any defamatory meaning, then it may rule, as a matter of law, that the publication is not libelous. *Donaghue* v. *Gaffy*, 54 Conn. 257, 266.

Finally, the plaintiffs contend that the publication was an actionable invasion of their right of privacy. This right has come to be generally recognized although no case involving its existence has arisen in this state. Assuming that the right of privacy is entitled to protection in this jurisdiction, there has been no violation of it in this case. The defendant has not unreasonably exposed to the public the private affairs of the plaintiffs. It has simply published a factual statement about the daughter which was not true. Had it been true it would have been a legitimate subject for newspaper reporting. The only complaint which the plaintiffs have is that the story was an error which occurred because of the defendant's negligence. It involved no exposure of the daughter's conduct or personality. It did not exploit her name or her photograph for advertising purposes. It was not printed for the purpose of exciting public curiosity or directing public attentioin toward her. It was just **a** plain mistake. This is not the kind of publicity against which the so-called right of privacy may be invoked. See notes, 138 A. L. R. 22, 4 Harv. L. Rev. 193.

The demurrer to the complaint is sustained.