**Robert J. PATTERSON, Jr., Plaintiff,**

**v.**

**AMERICAN MUTUAL LIABILITY IN-SURANCE COMPANY, Defendant.**

**Civ. No. 12861.**

United States District Court
D. Connecticut.

June 9, 1969.

4. *Id.* at 559.

L. Douglas Schrader, of Goldstein & Peck, Bridgeport, Conn., for plaintiff.

Donald J. St. John, of the Office of Paul V. McNamara, Bridgeport, Conn., for defendant.

TIMBERS, Chief Judge.

## QUESTION PRESENTED

■ In this diversity action brought by the judgment creditor of an insured against her insurance company, pursuant to Conn.Gen.Stat. § 38–175,[1] plaintiff has moved, pursuant to Rule 56, Fed.R.Civ.P., for summary judgment in his favor. This motion presents for determination the question whether the company is precluded from denying coverage, pursuant to an exclusionary clause in its policy, because of its failure to appear and defend plaintiff's negligence action against its insured.

The Court holds that the company is not precluded from contesting liability

---

1. "Each insurance company which issues a policy to any person, firm or corporation, insuring against loss or damage on account of a bodily injury or death by accident of any person, or damage to the property of any person, for which loss or damage such person, firm or corporation is legally responsible, shall, whenever a loss occurs under such policy, become absolutely liable, and the payment of such loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, damage or death occasioned by such casualty. No such contract of insurance shall be canceled or annulled by any agreement between the insurance company and the assured after the assured has become responsible for such loss or damage, and any such cancellation or annulment shall be void. Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment."

on this basis, and therefore, several factual issues being in dispute, plaintiff's motion must be denied.

## JURISDICTION

Plaintiff being a citizen of New York and defendant a Massachusetts corporation with its principal place of business in Massachusets, jurisdiction is based upon diversity of citizenship and the requisite jurisdictional amount. 28 U.S.C. § 1332.

## FACTS

On November 14, 1965 plaintiff, while a passenger in an automobile owned and operated by his wife, sustained serious personal injuries in an accident on the New England Thruway. Plaintiff's wife, who was insured against liability by defendant herein, was killed. Thereafter, on September 14, 1966, plaintiff instituted a damage action against the administrator of his wife's estate in the Superior Court for Fairfield County. In his complaint plaintiff alleged he was a resident of New York and that the deceased was a resident of Greenwich; nowhere in the complaint was it alleged that plaintiff and the deceased were married.

Plaintiff's counsel, on or about December 8, 1965, sent to the company a notice of the accident, stating that "your assured, Mrs. Patterson, was the driver and owner of the car." Subsequent to the institution of the action, Mrs. Patterson's administrator sent notice thereof to the company, requesting notification of the company's willingness to defend the suit. No indication was given that plaintiff and the deceased were married.

The company did not defend the estate nor file an appearance in the action. Apparently the estate likewise made no effort to defend itself. On October 21, 1966, a default judgment was entered against the estate, following which an ex parte hearing in damages was held. The Superior Court, on April 1, 1968, awarded plaintiff $77,000 in damages. The instant action against the company followed.

## I

■■ Resolution of this controversy is governed by Connecticut law. The principles which determine the rights and liabilities of an insurer which has failed to defend an action against its insured, in a subsequent action by its insured (or, pursuant to Conn.Gen.Stat. § 38–175, *supra* note 1, by the judgment creditor of its insured), have been articulated as follows: where the underlying complaint, on its face, appears to bring the injury within the provisions of the policy, a duty to defend is imposed upon the insurer. It may not look behind the allegations of that complaint and discover facts from which it concludes that the claim falls within the exclusionary clause of the policy. Such facts are irrelevant since "the duty to defend does not depend on facts disclosed by the insurer's independent investigation where the third party's complaint appears to be within the coverage." Missionaries of the Company of Mary, Inc. v. Aetna Casualty & Surety Co., 155 Conn. 104, 112, 230 A.2d 21, 25 (1967).[2] Informa-

2. See also Schurgast v. Schumann, 156 Conn. 471, 242 A.2d 695 (1968); Andover v. Hartford Accident & Indemnity Co., 153 Conn. 439, 217 A.2d 60 (1966). These three cases each involved actions by the insured itself directly against the insurer.

In *Missionaries*, the insured sought recovery of the amount expended in payment and settlement of the action against it. The court rejected the insurer's justification for its failure to defend (*viz.*, that its independent investigation rebutted the appearance of coverage in the underlying complaint), and held the insurer liable for the full amount of the obligation which had been incurred by the insured, noting that the total of the settlement and litigation expenses was well below the coverage provided by the policy.

In *Schurgast*, the insured had impleaded his insurer directly in the negligence action, seeking a declaratory judgment that the policy covered the claim and that the insurer would have to defend. Having concluded by independent investigation that the claim arose under circumstances covered by the exclusionary

tion obtained from the insured, or any other source, which demonstrates that the injury is not covered does not discharge the insurer's duty to defend since "[t]he insurer has promised to relieve the insured of the burden of satisfying the tribunal where the suit is tried, that the claim as pleaded is 'groundless.'" *Lee v. Aetna Casualty & Surety Co.*, 178 F.2d 750, 751–52 (2 Cir. 1949), quoted with approval in *Missionaries, supra,* 155 Conn. at 112, 230 A.2d at 12.

■ Once it appears from the face of the complaint that a claim within the coverage of the policy has been made, the insurer, in choosing to decline the defense of its insured, breaches its contract and becomes liable both for expenses incurred by the insured and for any judgment rendered against, or settlement entered into by, the insured. To avoid this potential liability, when by independent investigation the insurer concludes that the actual circumstances of the claim (as opposed to the pleaded allegations) are within an exclusionary clause of the policy, the insurer should "defend under a reservation of its right to contest coverage under the various avenues which would subsequently be open to it for that purpose." *Missionaries,* 155 Conn. at 113, 230 A.2d at 25, and cases cited therein. An alternative means of protection would be a declaratory judgment action to determine its obligation to defend.[3]

## II

The relevant exclusionary clause in defendant's policy reads as follows:

> "This policy does not apply  *  *  * (j) to bodily injury to (1) any person, if such person is related by  *  *  * marriage  *  *  * to and is a resident of the same household as (i) the insured.  *  *  *"

clause, the insurer declined to defend. The court held it liable to pay the judgment against its insured up to the policy limits.

Finally, in *Andover,* an insured which successfully had defended an action against it recovered the expenses incurred in its defense. Although the third party complaint was ambiguous, the court

Plaintiff, although conceding that he and the insured were married, neither affirms nor denies that they were residents of the same household. His argument is deceptively simple: since the state court complaint did not recite that the parties were married and resided together, only by an independent investigation could defendant have determined the existence of this status. Since such independent investigation does not absolve defendant from its duty to defend, where the claim appears to be within the coverage of the policy, defendant, having failed to contest coverage by an appearance with a reservation of rights in the state court action, or by the institution at that time of a declaratory judgment action, is now precluded from relying upon the exclusionary clause.

Under Conn.Gen.Stat. § 38–175, *supra* note 1, plaintiff, as a judgment creditor of the insured, has a right of direct action against the insurer. This status is not without its liabilities. It is beyond dispute that plaintiff's rights are no greater than the insured's. Defenses available against the insured are available against plaintiff. Plaintiff recognizes this and urges that had the estate paid the judgment it would be entitled to indemnity.

## III

In *Missionaries, Schurgast* and *Andover, supra,* the traditional tripartite adversity between the claimant, the insured, and the company was apparent. Each pursued its own self-interest to the detriment of the others. Only insofar as the insured and the company stood adverse to liability to the claimant was there any common ground. In the instant case, as the facts thus far adduced indicate, the Court is confronted with

held that it could be construed to state a claim within the policy and, as such, the insurer had breached its obligation to defend.

3. See, e. g., Government Employees Ins. Co. v. Freedman, Civil No. 12710 (D. Conn.1969) (partial summary judgment entered against insurer).

an apparent absence of adversity between the claimant and the insured. Their joint interest was adverse to the insurer. The administrator seemingly felt no necessity to disclose to the insurer the marital and residency status of the parties, nor did he feel the necessity of obtaining independent counsel to defend the action, once the insurer had declined to appear. Why such course of action was chosen cannot, and need not, be determined on this motion. It is sufficient to note that such conduct on the part of an insured *might* constitute a breach of the duty of cooperation imposed upon the insured by the policy.[4]

■■ The duty to cooperate is broad and may be violated by the failure of the insured to do a positive act.[5] Although the insured need not make an exhaustive examination of the facts, "he cannot deliberately omit or conceal any facts within his knowledge."[6] His breach results in the nonliability of the insurer, unless such breach is immaterial or insubstantial. Curran v. Connecticut Indemnity Co., 127 Conn. 692, 20 A.2d 87 (1941). Failure of the insurer to appear in the negligence action does not estop it from raising the failure of its insured to cooperate. *Id.*

■ The purpose of the cooperation clause is to prevent collusion between the litigants.[7] Compliance by the insured with his duty to cooperate involves a factual determination made in light of all the circumstances of the case. Although an inference of collusion is not justified merely from the relationship between the injured party and the insured, such relationship is a factor to be considered in evaluating the surrounding circumstances: "[I]f the obviously friendly relations between the parties are coupled with other facts tending to show collusion, the insurer would not be liable."[8]

The duty of cooperation is relevant on the instant motion only for a limited purpose. Whereas the insurer usually claims collusion, or breach of the duty of cooperation, in order to avoid liability on the policy, there is no indication that such claim will be made in the instant case. Instead, the breach, if established, could be relied upon to mitigate the consequences of the company's failure to defend the negligence action, to prove that the exclusionary clause of the policy vitiates its liability. This is so because the failure of the insured's administrator to notify the company that plaintiff was married to and resided with the insured, if such in fact is the case, would entitle defendant to establish these facts in the instant action. There must be a balance struck between the desirability of compelling insurers to defend claims apparently within their policies, and the necessity of determining collusion between the injured party and the insured. While expressing no opinion on the presence of any collusion in this case, the Court is compelled to hold that defendant can resist the instant motion for summary judgment since the default judgment upon which plaintiff relies may be open to question. On the instant motion the Court cannot resolve the question whether plaintiff and the insured resided in the same household, and, if so, whether this information was intentionally and collusively witheld from the insurer by the administrator.[9]

4. *"Conditions * * * 6. Assistance and Cooperation of the Insured. The insured shall cooperate with the company * * * in the conduct of suits * * *."*

5. See Lumbermens Mutual Casualty Co. v. Harleyville Mutual Casualty Co., 287 F.Supp. 932 (W.D.Va.1968).

6. 8 Appleman, Insurance Law and Procedure § 4774 (1962).

7. See generally 44 Am.Jur.2d, Insurance § 1560 (1969).

8. 8 Appleman, *supra* note 6, at § 4778.

9. If the judgment against the estate was procured through fraud, defendant, if it satisfies its burden on this issue, would not be liable under the policy. Stephenson v. Duriron Co., Inc., 292 F.Supp. 66, 85 (S.D.Ohio 1968). Although the company was bound by its policy to defend suits against its insured even though these were "groundless, false or fraudulent", this clause "applies to the merits of the action and not to the question

## IV

If the information was not improperly withheld, nevertheless it may have been provided to the insurer by plaintiff himself so that the insurer's conclusion as to the applicability of the exclusionary clause was not the product of an independent investigation within the meaning of the *Missionaries* case.

Although plaintiff's negligence complaint, as noted above, implies that plaintiff resided in New York and his wife (not specified as such) resided in Greenwich, the following extract from the accident report indicates a contrary state of facts:

> "*Insured*—Jean Carol Patterson, Putnam Green, Greenwich, Conn.
>
> \*    \*    \*    \*    \*    \*
>
> *Persons Injured*—\*  \*  \* Husband Mr. Patterson, Putnam Green, Greenwich, Conn.
>
> \*    \*    \*    \*    \*    \*
>
> *Description of Accident*—According to Mr. Doyle of New York, friend of ins[ured] C[arol Patterson] Mr. Patterson who called the report into agent \*  \*  \* stated per phone that Mrs. Carol Patterson hit an abutment on New Rochelle Tpk. New York. Husband (passenger) critical \*  \*  \*. Mrs. C. Patterson dead."

If plaintiff did provide the company with all of the information on this report (as to which the Court expresses no opinion), then the company's conclusion that the exclusionary clause avoided its obligation to defend emanated not from an independent investigation or a statement of the insured, but from the claimant himself. Thus, although the claim as pleaded appears to be within the coverage of the policy, plaintiff's apparent statements to the company, if established, would operate as an estoppel against his interest, justifying the reliance thereon by the company and its consequent refusal to defend. The guidelines established by the *Missionaries* case appear distinguishable, where, as here, the status of the parties, and not the nature of the accident, is involved, and this status was disclosed by plaintiff himself, who now seeks to charge the company with nonaction taken in apparent reliance upon his own statements. It is the opinion of the Court that Connecticut would not adhere to the strict approach taken in *Missionaries* on the facts of this case.[10]

## CONCLUSION

There being genuine issues as to material facts, such as the possibility of collusion between plaintiff and the administrator of the insured's estate in the apparent withholding of information from the company, or, in the alternative, the disclosure of facts by plaintiff to the company which contradicted the allegations of his negligence complaint (insofar as their silence made the claim appear to be one within the coverage of the policy), which are not susceptible of summary adjudication on the present state of the record, and plaintiff not being entitled as a matter of law to summary judgment on his complaint, his motion for summary judgment is denied.

---

of coverage." Kipka v. Chicago & N. Ry., 289 F.Supp. 750, 754 (D.Minn. 1968).

10. In Employers' Liability Assurance Corp., Ltd. v. Travelers Insurance Co., 293 F. Supp. 604, 610 (D.Conn.1968), *aff'd*, 411 F.2d 862 (2 Cir. 1969), Judge Clarie, in denying a motion for a new trial on the ground that defendant's breach of its duty to defend its insured in the state court suit precluded its current reliance on the exclusionary clause under *Missionaries* and *Schurgast*, held those cases inapplicable where "[t]he facts which establish the relationship and legal status of the parties are clear and unequivocal." In the instant case it may well be that the facts concerning the relationship and status of the parties likewise are and were clear, and thus the insurer's failure to defend would not be actionable.