**UNITED SERVICES AUTOMOBILE ASSOCIATION and David G. Humphrey**

v.

**GLENS FALLS INSURANCE COMPANY.**

Civ. No. 14689.

United States District Court,
D. Connecticut.

Nov. 30, 1972.

plates from his own vehicle, at the time insured by the plaintiff United States Automobile Association (hereinafter "USAA"), and placed them on the Pierce vehicle. While Humphrey was driving the automobile, it struck a pedestrian, Edward Jerz. Thereafter Jerz and his insurer, Aetna Casualty & Surety Insurance Co., instituted a negligence suit against Humphrey. Glens Falls promptly assumed Humphrey's defense, but after various developments in the course of that lawsuit, it withdrew from the case on November 5, 1968, over six years after the accident.

As a consequence, counsel for USAA entered the case to represent Humphrey. The trial and appeal of Jerz's suit ultimately resulted in a verdict against Humphrey in the amount of $42,000 plus interest and costs. See Jerz v. Humphrey, 160 Conn. 219, 276 A.2d 884 (1971). USAA satisifed the judgment after demanding unsuccessfully that Glens Falls do so.

## II.

The underlying premise of the instant action, which sounds in contract and in tort, is that Glens Falls breached its duty to represent Humphrey properly by withdrawing from the *Jerz* case and by failing to settle the suit within the policy limits at a price considerably less than the ultimate judgment. In the four-count complaint, USAA seeks recovery for its expenses of litigation and the amount paid to Jerz; Humphrey claims compensation for his trial expenses and in Count Four, which is the subject matter of the motion to dismiss pending before this Court, he requests $50,000 damages for "embarrassment, humiliation, and mental anguish" which resulted from having been "subjected to an extended trial."

For the purposes of the motion to dismiss the Court assumes, as it must, that Glens Falls wrongfully withdrew its defense in the *Jerz* suit, negligently failed to settle that case for an amount less than the final judgment, and acted wil-

Wesley W. Horton, Regnier, Moller & Taylor, Hartford, Conn., for plaintiffs.

William L. Hadden, Jr., Pouzzner & Hadden, New Haven, Conn., for defendant.

RULING ON DEFENDANT'S MOTION TO DISMISS COUNT FOUR OF THE COMPLAINT

ZAMPANO, District Judge.

The defendant's motion to dismiss calls into question the extent to which recovery may be had under Connecticut law for mental suffering unaccompanied by physical injury.

### I.

On February 13, 1962, Albert K. Pierce lent his automobile, which was insured by the defendant Glens Falls Insurance Company (hereinafter "Glens Falls"), to the plaintiff David G. Humphrey. Humphrey removed the license

fully with an intent to injure the plaintiff Humphrey.

## III.

■■ A starting point in analyzing the validity of Count Four involves the principles of law governing the duty of an insurer to defend and settle an action against its insured. Under Connecticut law, if the action on its face appears to be within the coverage of the policy, an insurer is obligated to defend even if the insurer's investigation demonstrates that the claim is groundless or one not covered by any provision in the policy. Patterson v. American Mutual Liability Insurance Co., 304 F.Supp. 1088, 1090–1091 (D.Conn.1969); Schurgast v. Schumann, 156 Conn. 471, 488–491, 242 A.2d 695 (1968); Missionaries of Company of Mary, Inc. v. Aetna Casualty & Surety Co., 155 Conn. 104, 112, 230 A.2d 21 (1967). An insurer that wrongfully refuses to defend may be liable for the amount of the subsequent verdict or settlement, plus attorneys' fees and expenses of litigation. Patterson, Missionaries, supra. Some courts consider the relationship of an insurer to its insured to be a fiduciary one, Bailey v. Prudence Mutual Casualty Company, 429 F.2d 1388, 1390–1391 (7 Cir. 1970), and one which compels the insurer not only to defend but also to conduct an effective defense. See generally Annot., 34 A.L.R.3d 533 (1970).

■ Moreover, in appropriate cases the insurer has a duty to avoid a trial and to settle the claim against its assured. Cf. Bourget v. Government Employees Insurance Company, 456 F.2d 282, 285 (2 Cir. 1972); Ballard v. Citizens Cas. Co., 196 F.2d 96, 102 (7 Cir. 1952); Capitol Fuel Co., Inc. v. New York Casualty Co., 16 Conn.Sup. 155, 158 (1949). In determining whether to accept or reject an offer of compromise, the insurer not only may consider its own interests but also must equally respect the insured's interests. If it fails to exercise good faith or due care in its consideration of an offer of settlement, the insurer may be held liable under causes of action which sound in tort or in contract, or both. See Bourget v. Government Employees Insurance Company, supra, 456 F.2d at 285; Knudsen v. Hartford Accident & Indemnity Co., 26 Conn.Sup. 325, 328, 222 A.2d 811 (1966). Damages may extend to the entire amount of the judgment entered against the insured, even if it is in excess of the policy limits, see generally Annot., 40 A.L.R.2d 168 (1955), and in some cases to consequential damages according to the general rules governing tort and contract principles of law. Crisci v. Security Insurance Co. of New Haven, Conn., 66 Cal.2d 425, 58 Cal. Rptr. 13, 426 P.2d 173 (1967).

In addition to the usual and customary damages in cases of this type, the plaintiffs' complaint here seeks recovery for the insured's mental anguish and distress allegedly suffered by being subjected to a trial caused by the defendant's failure to defend and settle the Jerz case. The issue is a novel one in Connecticut law.

In Orlo v. Connecticut Co., 128 Conn. 231, 21 A.2d 402 (1941), the Connecticut Supreme Court carefully reviewed the relevant cases dealing with a recovery for injuries resulting from fright and concluded, ". . . where it is proven that negligence proximately caused fright or shock in one who is within the range of ordinary physical danger from that negligence, and this in turn produced injuries as would be elements of damage had a bodily injury been suffered, the injured party is entitled to recover." Id. at 239, 21 A.2d at 405. Lower Connecticut courts interpreted Orlo to mean that recovery for mental distress unaccompanied by physical injury was limited to those cases wherein "the plaintiff has come within the range of physical danger as a result of the defendant's negligence." O'Connell v. Hartford Times, 15 Conn.Sup. 85, 86 (1947). Subsequently, however, the Connecticut Supreme Court ruled in Urban v. Hartford Gas Co., 139 Conn. 301, 93 A.2d 292 (1952), that the principles

enunciated in *Orlo* applied only in situations involving torts which are capable of creating a danger of physical injury, but are not applicable with respect to cases involving victims of a tort which requires neither physical impact nor danger therefrom.

In *Urban*, the defendant gas company allegedly sent its employees to the plaintiff's home to repossess a gas heater for nonpayment of a monthly installment contract, when it knew or should have known that the plaintiff was not in default. Thereafter, the plaintiff instituted an action against the gas company seeking money damages for mental anguish, disgrace, humiliation, and an aggravation of an arrested diabetic condition. Relying on *Orlo*, the trial court dismissed the action. In remanding the case for trial, the Connecticut Supreme Court promulgated a rule which it hoped would permit recovery in appropriate cases while forestalling an "avalanche of claims against others:"

> If the defendant intentionally and unreasonably subjected [plaintiff] to emotional distress which it should have recognized as likely to result in illness or other bodily harm, the injuries alleged in the complaint are proper elements of damage if they were proximately caused by the tort of the defendant, although it had no intention of inflicting them. If it did not intend to cause the emotional distress, the alleged illness and bodily harm are proper elements of damage only if the defendant should have realized that its conduct involved an unreasonable risk of causing the distress and, from the facts known to it, should have realized that the distress, if it were caused, might result in illness or bodily harm. Id. at 307, 93 A.2d at 295.

This rule was adopted almost verbatim from the Restatement (2d) of Torts § 312 (1965):

> If the actor intentionally and unreasonably subjects another to emotional distress which he should recognize as likely to result in illness or other bodi-

ly harm, he is subject to liability to the other for an illness or other bodily harm of which the distress is the legal cause,

(a) although the actor has no intention of inflicting such harm, and

(b) irrespective of whether the act is directed against the other or a third person.

It should also be noted that the Supreme Court of Connecticut in *Urban*, at p. 307, 93 A.2d 292, also cites with apparent approval § 313 of the Restatement of Torts which reads as follows:

> If the actor unintentionally causes emotional distress to another he is liable to the other for illness or bodily harm of which the distress is a legal cause if the actor

(a) should have realized that his conduct involved an unreasonable risk of causing the distress otherwise than by knowledge of the harm or peril of a third person, and

(b) from facts known to him should have realized that the distress, if it were caused, might result in illness or bodily harm.

## IV.

■■ Applying these general principles of law, the allegations of the plaintiffs' complaint are sufficient to avoid dismissal of Count Four at this stage of the proceedings. It seems clear under Connecticut law that a cause of action in tort may be created for a plaintiff's emotional distress which is the foreseeable and proximate result of the defendant's intentional, wanton, or wilful wrongful conduct. While it is true that the plaintiffs in the instant case refer to no specific physical injury suffered as a result of the defendant's intentional tortious acts, there are assertions that the plaintiff Humphrey was harmed by the reckless and wilful violation of duty on the defendant's part. However difficult it may appear that the plaintiffs will be able to carry the burden of proof necessary to sustain a recovery under Count Four, that Count, nevertheless, does con-

tain allegations adequate to defeat a motion to dismiss. Cf. Moore v. Greene, 431 F.2d 584, 590 (9 Cir. 1970); Ferrell v. Chesapeake & Ohio Railway Emp. Hosp. Ass'n, 336 F.Supp. 833, 836 (W. D.Va.1971); Prosser, Law of Torts § 12 (1971).

Accordingly, the defendant's motion to dismiss is denied.