10-4242-cv
Windmill Distributing v. Hartford Fire Ins. Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1 . WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of January, two thousand twelve,

Present:    ROSEMARY S. POOLER,
            DEBRA ANN LIVINGSTON,
            RAYMOND J. LOHIER, JR.
                *Circuit Judges*.

_____

WINDMILL DISTRIBUTING CO. LP,

                    *Plaintiff-Appellant*,

            -v-                                          10-4242-cv

HARTFORD FIRE INSURANCE CO.,

                    *Defendant-Appellee*.

_____

Appearing for Appellant:    William Heck, Kelley Drye & Warren, LLP, New York, N.Y.
                            (Mark S. Gregory, Martin Chioffi LLP, Stamford, CT, *on the
                            brief*).

Appearing for Appellee:     Gerald P. Dwyer, Jr. (Jamie M. Landry, *on the brief*), Martin
                            Chioffi LLP, Stamford, CT.

    Appeal from the United States District Court for the District of Connecticut  (Bryant, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Windmill Distributing Co. L.P. appeals from the September 24, 2010 memorandum decision and order of the United States District Court for the District of Connecticut (Bryant, *J.*) granting Hartford Fire Insurance Co.'s ("Hartford") motion for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On June 17, 2005, Lorraine Rystedt was injured when a car driven by Barbara Morris jumped off the roadway and veered onto the sidewalk where she was walking her dog. Rystedt suffered serious personal injuries as a result of the accident. A Windmill delivery truck, driven by Jorge Rodriguez, was traveling along the same street at the time of the accident. At all times relevant, Hartford insured Windmill pursuant to a policy that provided Hartford with the authority to "investigate and settle any claim or 'suit' as [Hartford] consider[s] appropriate." The policy required Windmill to fund a $250,000 prepaid deductible for liability claims.

On July 5, 2005, Rystedt's attorney notified Windmill that she may have a claim against the company. Windmill immediately placed Hartford on notice. Louis DeRossi, a Hartford Claims Consultant, was primarily responsible for handling the Rystedt claim. As part of his investigation, he received a police report identifying Morris as the driver of the Honda, and stating that the vehicle was registered in Morris' name. On August 9, 2005 - less than two months after the accident - Rystedt filed a complaint in New York State Supreme Court, Queens County, naming Morris, Windmill, Phoenix Beverages, Inc. and Rodriguez as defendants**.** Seven days later, Hartford learned that Morris' vehicle was leased.

On August 10, 2005, President Bush signed into law the Graves Amendment, which banned the imposition of vicarious liability on lessors and renters of motor vehicles for harm resulting from the operation of the vehicles. The Graves Amendment applies "to any action commenced on or after the date of the enactment of this section without regard to whether the harm that is the subject of the action, or the conduct that caused the harm, occurred before such date of enactment." 49 U.S.C. § 30106(c). Prior to the enactment of the Graves Amendment, New York law permitted the imposition of vicarious liability on lessors and renters of motor vehicles. N.Y. Veh. & Traf. Law § 388.

Plaintiff estimated the value of her case between $450,000 and $600,000, and indicated a willingness to settle in the neighborhood of $300,000. Morris's insurance contribution was capped at $100,000. Throughout the litigation, Windmill vehemently opposed settlement, contended that the failure to identify the leasing company as the true owner of the car and as a potential "deep pocket" defendant constituted negligence and legal malpractice, and that Windmill's litigation position was excellent.

Hartford settled the action for $225,000 - an amount entirely within Windmill's prepaid deductible. Windmill sued, alleging a breach of Hartford's duty to investigate and defend and

2

bad faith settlement. The district court granted Hartford summary judgment, finding that as a matter of law (1) it did not commit negligence; and (2) it acted in good faith. *Windmill Distributing Co. LP. v. Hartford Fire Ins. Co.*, 742 F. Supp. 2d 247 (D. Conn. 2010). This appeal followed.

Primarily for the reasons set forth by the district court, we affirm. There is no evidence in the record demonstrating that Hartford breached its duty to investigate and defend, especially in light of the fact that the accident occurred on June 17, 2005, Hartford received notice of the accident on July 5, 2005, plaintiff commenced her lawsuit on August 9, 2005; and the Graves Amendment was signed into law the next day. Even assuming Windmill is correct that DeRossi knew the Graves Amendment was on the cusp of becoming law, there is nothing in the record to indicate that DeRossi knew, or should have known, exactly when the Graves Amendment would be signed into law. And even if he knew that, he had no way of predicting when Rystedt would bring suit.

As to the bad faith settlement claim, under Connecticut law, "[i]n determining whether to accept or reject an offer of compromise, the insurer not only may consider its own interests but also must equally respect the insured's interests. If it fails to exercise good faith or due care in its consideration of an offer of settlement, the insurer may be held liable under causes of action which sound in tort or in contract, or both." *United Servs. Auto. Ass'n v. Glens Falls Ins. Co.*, 350 F. Supp. 869, 871 (D. Conn. 1972). The record is devoid of any evidence that Hartford acted unreasonably, or in bad faith, in considering Rystedt's offer of settlement.

We have examined the remainder of Windmill's claims and we find them to be without merit. Accordingly, the judgment of the district court hereby is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3