ALICE URBAN ET AL. *v.* THE HARTFORD GAS COMPANY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

302

Argued October 14—decided December 9, 1952

*George Miske,* for the appellant (named plaintiff).

*Bruce W. Manternach,* with whom, on the brief, was *John M. Donahue,* for the appellee (defendant).

O'SULLIVAN, J.  Both Alice Urban and her husband instituted this suit against the defendant.  We shall treat the action, however, as if Mrs. Urban were the only plaintiff, since she alone has appealed.

The complaint is in one count.  It alleges the following facts:  On April 20, 1949, the Urbans bought a gas hot water heater from the defendant under a contract calling for the payment of the purchase

price in equal monthly instalments. The defendant thereupon set up the appliance in the Urban home. On March 9, 1950, the defendant's employees, acting within the scope of their authority, returned for the purpose of removing the heater. The reason given to the plaintiff for their contemplated action was that she and her husband had not met their current monthly instalment. Such was not the fact, as the defendant knew or in the exercise of reasonable care should have known. The employees further stated in the presence of the divers people then present that Mrs. Urban and her husband did not pay their bills to the defendant, thus implying, falsely, that they were dead beats and delinquent debtors. As a result, Mrs. Urban became hysterical and emotionally upset. This caused an arrested diabetic condition to flare up and directly led to a prolonged illness. She has suffered pain and mental anguish. Finally, she was degraded, humiliated and disgraced. Her ad damnum seeks money damages.

The court sustained a demurrer to the complaint and, upon the failure of the Urbans to plead over, entered judgment that the complaint was insufficient. The sole question raised by this appeal is whether or not the court erred in sustaining the demurrer.

Of the four grounds of demurrer, the third was predicated on the assumption that the plaintiff had attempted to allege, among others, a cause of action for breach of contract. In oral argument and brief she has expressly disclaimed reliance on such a theory. Her position before us is that her right to compensation rests entirely in tort. Her claim is that the complaint permits recovery under the law of negligence and of slander and of the right of privacy. The third ground, therefore, requires no discussion.

The first ground of demurrer may be paraphrased as follows: The law does not permit the plaintiff to recover damages for bodily and mental injuries resulting to her from the defendant's negligence in ordering removal of the heater, because the complaint does not allege that she came within the range of physical danger occasioned by that negligence. Although it "demurs to the complaint," the defendant appears to challenge the compensability of certain elements of alleged damage rather than to attack the complaint as one setting forth a defective cause of action. If this construction of the first ground is correct, it would seem that a demurrer was not the proper means of raising the question intended. But that aside, we propose to overlook technicalities in order to determine whether the plaintiff has alleged a good cause of action based on negligence.

Negligence is a breach of duty. *Collins* v. *City National Bank & Trust Co.,* 131 Conn. 167, 170, 38 A.2d 582. The duty may be the outgrowth of a contractual relationship between the parties. *Dean* v. *Hershowitz,* 119 Conn. 398, 403, 177 A. 262. Under the factual circumstances admitted by demurrer in the case at bar, there was impliedly imposed upon the defendant a duty arising out of the contract between the parties to use reasonable care to refrain from interfering or threatening to interfere with Mrs. Urban's right, under the same contract, to enjoy the use of the heater so long as the monthly payments were met as they fell due. Obviously, this duty was breached. At a time not only when reasonable care would have disclosed that all instalments to date had been fully paid but also when the defendant actually knew that Mrs. Urban was not in default, it sent its employees to her home with instructions

to remove the heater and to terminate her right to the continued use of the appliance. A clear legal right was thus invaded by the failure of the defendant to use the care required of it. Under these circumstances, Mrs. Urban was entitled to at least nominal damages, since, in this state, every invasion of a legal right imports damage. *Hageman* v. *Freeburg,* 115 Conn. 469, 471, 162 A. 21. The complaint alleges a good cause of action grounded in negligence.

This brings us, then, to the more vital claim advanced by the defendant. Before discussing it, we point out that the plaintiff does not seek damages for an emotional upset alone but for injuries to her nerves and body proximately occasioned by that upset, which in turn directly resulted from the wrongful act of the defendant.

Although conceding that its conduct was the direct cause of the mental and bodily injuries described in the complaint, the defendant asserts that our law precludes recovery therefor. Reliance for this claim is made upon the authority of *Orlo* v. *Connecticut Co.,* 128 Conn. 231, 21 A.2d 402. In that case, an electrically-charged trolley wire of the defendant, broken through the negligence of its motorman, fell upon an automobile in which the plaintiff was riding as a passenger. The wire flashed, hissed and emitted sparks. The plaintiff did not attempt to escape from his predicament but remained seated in the automobile. He received no physical injury but did experience a severe fright. This aggravated a diabetic condition from which he had previously suffered. On appeal from a judgment for the trolley company, we reviewed the cases dealing with a recovery for injuries resulting from fright and disapproved the court's charge that, in order to recover, the plaintiff

had to establish a contemporaneous injury of a traumatic nature. We went on to say (p. 239) that "where it is proven that negligence proximately caused fright or shock in one who is within the range of ordinary physical danger from that negligence, and this in turn produced injuries such as would be elements of damage had a bodily injury been suffered, the injured party is entitled to recover."

It may very well be, as the defendant maintains, that the injuries sustained by Mrs. Urban did not happen while she was "within the range of ordinary physical danger" from the defendant's negligence. But the principle of the *Orlo* case is inapplicable to the type of tort involved in the case at bar. The wrong perpetrated upon Mrs. Urban was not one which was accompanied by the probability of physical impact. She was the victim of a tort requiring neither physical impact nor danger therefrom. In this respect it is not unlike the situation in *Wilkinson* v. *Downton,* [1897] 2 Q.B. 57, where the defendant, as a practical joke, told the plaintiff that her husband's legs had been broken in an accident; or in *Great Atlantic & Pacific Tea Co.* v. *Roch,* 160 Md. 189, 153 A. 22, where a grocer, with an equally warped sense of humor, sent to a customer a dead rat instead of a loaf of bread. Recovery was allowed in each case although there had been no impact. The same was true of *Engle* v. *Simmons,* 148 Ala. 92, 41 So. 1023; *Johnson* v. *Sampson,* 167 Minn. 203, 208 N.W. 814; *Rasmussen* v. *Benson,* 135 Neb. 232, 280 N.W. 890; *Kirby* v. *Jules Chain Stores Corporation,* 210 N.C. 808, 188 S.E. 625; *Stockwell* v. *Gee,* 121 Okla. 207, 249 P. 389; *Gadbury* v. *Bleitz,* 133 Wash. 134, 233 P. 299. The wrong to Mrs. Urban became actionable when her legal right was invaded by the intentional or negligent violation of duty on the

defendant's part and, as stated above, nominal damages should be awarded for that invasion alone.

Whether she is entitled to recover, in addition thereto, for mental and physical injury rests on the application of a different rule from that embodied in the *Orlo* case. If the defendant intentionally and unreasonably subjected Mrs. Urban to emotional distress which it should have recognized as likely to result in illness or other bodily harm, the injuries alleged in the complaint are proper elements of damage if they were proximately caused by the tort of the defendant, although it had no intention of inflicting them. If it did not intend to cause the emotional distress, the alleged illness and bodily harm are proper elements of damage only if the defendant should have realized that its conduct involved an unreasonable risk of causing the distress and, from the facts known to it, should have realized that the distress, if it were caused, might result in illness or bodily harm. Restatement, 2 Torts §§ 312, 313. Whether the application of this rule will permit the plaintiff to recover for mental and bodily injury must await trial. The court was in error in sustaining the first ground of demurrer.

Adoption of the foregoing rule will close an existing gap in our law of liability for personal injury. It will permit recovery subject to the limitations stated and should meet the objection that to recognize liability under such circumstances will give rise to an avalanche of claims against others. For a general discussion of the subject, see Throckmorton, "Damages for Fright," 34 Harv. L. Rev. 260; Magruder, "Mental & Emotional Disturbance in the Law of Torts," 49 Harv. L. Rev. 1033; Goodrich, "Emotional Disturbance as Legal Damage," 20 Mich. L. Rev. 497; see also notes, 11 A.L.R. 1119, 1134, 40

A.L.R. 983, 984, 76 A.L.R. 681, 684, 98 A.L.R. 402, 403, 15 A.L.R.2d 108, 112; 52 Am. Jur. 419, § 73 et seq.; Restatement, Torts §§ 46-47 (1948 Sup.).

The second ground of demurrer is that, in so far as the complaint requests relief for alleged slander, the injury alleged does not constitute such special injury as would entitle Mrs. Urban to recover damages therefor. This ground of demurrer is sound.

An indispensable element of an action of slander is injury to the reputation of the person defamed. 1 Swift's Digest 481; Newell, Slander & Libel (4th Ed.) p. 62. The action fails unless that element is present. When the defamatory words are actionable per se, the law conclusively presumes the existence of injury to the plaintiff's reputation. He is required neither to plead nor to prove it. *Chesley* v. *Tompson,* 137 Mass. 136, 137; see *Ventresca* v. *Kissner,* 105 Conn. 533, 537, 136 A. 90; *Craney* v. *Donovan,* 92 Conn. 236, 238, 102 A. 640. The rule is different, however, when the defamation is actionable per quod. There, the law indulges in no such presumption. For this reason, injury to the reputation must be alleged and proved as an essential link between the slanderous utterance and the special damage which constitutes the basis of recovery in actions per quod. *Williams* v. *Riddle,* 145 Ky. 459, 468, 140 S.W. 661. The special damage, to which we now refer, must be of a material and, generally, of a pecuniary nature. It must result from the conduct of a person other than the defamer or the defamed, and that conduct must be directly caused by the publication of the slander. Restatement, 3 Torts, § 575, comment b. For example, if a third person, because he believes the slander or because of an unwillingness to employ one whose reputation has been im-

paired by it, withdraws his previous offer to hire that person, the latter's loss of reasonable expectation of gainful employment would amount to special damage. Id.

The defamatory words spoken by the defendant's employees were not actionable per se. *Yakavicze* v. *Valentukevicious*, 84 Conn. 350, 355, 80 A. 94. The special damage on which Mrs. Urban relies to make the words actionable is an emotional disturbance and ensuing diabetic disability. The complaint alleges that these injuries were directly caused by the utterance of the slanderous words. It is unnecessary to determine whether such injuries can ever be classified as special damage. See 33 Am. Jur. 195, § 206. We go no further than to hold that, since the plaintiff's illness, as alleged, arose from hearing herself defamed rather than as a result of what a third party did, the complaint fails to set forth the type of damage that is necessary to make the defamation actionable. The court was correct in sustaining the second ground of demurrer.

The ruling on the fourth ground of demurrer was likewise correct. Even if we were to hold that the right of privacy exists in Connecticut, the facts alleged in the complaint are inadequate to establish a violation of that right.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer so far as the first ground is concerned and for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.