JAMES R. COCHRANE, SR., ET AL. *v.* GEORGE J. GILDEA

SUPERIOR COURT       FAIRFIELD COUNTY       FILE No. 85470

Memorandum filed November 3, 1953.

*William R. Jones*, of Bridgeport, for the Plaintiffs.

*Pelgrift, Blumenfeld & Nair, Wallace R. Burke, Thomas J. Dodd* and *John J. Daly,* all of Hartford, for the Defendant.

KING, J. This is an action for slander. Paragraph 7 of the complaint alleges that the "plaintiffs, in consequence of said words, have suffered in their reputation and have lost the good-will and trade of many persons with whom they otherwise would have had profitable business."

The defendant has moved that paragraph 7 of the complaint be made more specific by (1) setting forth the names of the persons whose good will and trade the plaintiffs claim to have lost and (2) the amount of money thereby lost from each of the persons named. The plaintiffs resist the motion, principally on the ground that they are entitled to recover general damages without specifying the particulars. This is true, assuming, without deciding, that a slander per se has been alleged. *Urban* v. *Hartford Gas Co.,* 139 Conn. 301, 308. But it is not an answer to the question unless paragraph 7 consists solely of allegations of general, as distinguished from special, damage.

General damages for a slander per se consist of two basic elements: (1) injury to a plaintiff's reputation and (2) injury to his feelings. Anything else is special damage. *Yavis* v. *Sullivan,* 137 Conn. 253, 261; *Ventresca* v. *Kissner,* 105 Conn. 533, 537; *Urban* v. *Hartford Gas Co.,* supra.

Applying that test it is obvious that the allegations of (1) injury to the good will and (2) loss of trade are (as distinguished from the allegation of injury to the reputation) allegations of special damage. Indeed, they are so denominated in the very

form (Practice Book, Form No. 198) from which paragraph 7 was obviously taken. As such, the defendant is entitled to know the information sought in his motion in order to prepare, as best he can, his defense on this issue of special damage. *Proto* v. *Bridgeport Herald Corporation,* 136 Conn. 557, 571; *Moore* v. *Stevenson,* 27 Conn. 14, 15, 26. His right in this respect does not materially differ from that of a defendant in a personal injury action where the plaintiff claims special damages. *Taylor* v. *Monroe,* 43 Conn. 36, 46.

Of course if there is no slander per se, then even the allegation of injury to the reputation would be an allegation of special damage. *Urban* v. *Hartford Gas Co.,* 139 Conn. 301, 308.

For the foregoing reasons the motion to make more specific should be, and is, granted.