Cecile NORMAN, Plaintiff-Appellee,

v.

**FEDERATED DEPARTMENT STORES, INC., Defendant-Appellant.**

No. 280, Docket 29211.

United States Court of Appeals Second Circuit.

Argued Jan. 7, 1965.

Decided March 8, 1965.

Before LUMBARD, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

Bernard Glazer, Stamford, Conn. (Jonathan M. Bennett, Stamford, Conn., on the brief), for plaintiff-appellee.

David J. Sullivan, Jr., Bridgeport, Conn. (Gregory C. Willis, Bridgeport, Conn., on the brief), for defendant-appellant.

LUMBARD, Chief Judge.

The principal question for decision on this appeal is whether the district court erred in excluding evidence as to the events leading up to the questioning and alleged detention of the plaintiff, on which her suit is based. The plaintiff, Cecile Norman, was employed during 1961 and 1962 as a part-time saleslady in the defendant's Stamford department store, known as Bloomingdale's. On September 17, 1962 the defendant's chief store detective, Donald Frazer, came to suspect Norman of failing to ring up a sale. He interrogated her in his office and asked her to sign an admission. When she refused, he told her that she was fired.

Norman was then 60 years old and suffered from arthritis, heart trouble and high blood pressure. These conditions became worse, allegedly as a result of the interrogation, and for six months she was ill and could not work. She sought recovery in the District Court for Connecticut on four counts: false imprisonment, intentional subjection to emotional and physical distress, negligent subjection to such distress, and assault. The jury found for the defendant on the first, second and fourth counts. On the third, however, they found for the plaintiff and awarded her $10,000.

Because Norman has not cross-appealed, the only questions before us concern

the judgment in her favor on the third count. With respect to it, we conclude that the district court erred in excluding the testimony of two professional shoppers, on whose report Frazer's suspicion purportedly was based. We therefore reverse the judgment in favor of the plaintiff and remand for a new trial limited to the third count.

The leading Connecticut case in point, Urban v. Hartford Gas Co., 139 Conn. 301, 93 A.2d 292 (1952), adopted almost verbatim § 313 of the Restatement of Torts:

"If the actor unintentionally causes emotional distress to another he is liable to the other for illness or bodily harm of which the distress is a legal cause if the actor

"(a) should have realized that his conduct involved an unreasonable risk of causing the distress otherwise than by knowledge of the harm or peril of a third person, and

"(b) from facts known to him should have realized that the distress, if it were caused, might result in illness or bodily harm."

The defendant's most general contention is that a case sufficient for recovery under Urban v. Hartford Gas Co. has not been established, first, because its employees behaved reasonably in the light of the report that Norman had failed to ring up a sale and, second, because they did not have reason to believe that illness might result. We cannot agree. There is in the record evidence—principally Norman's own testimony—from which the jury could conclude that each of the required elements was present.

Accepting Norman's testimony so far as there is conflict, the following account appears: Two professional shoppers, Grace Whalen and Elsie O'Brien, reported to Frazer that Norman had not rung up one of their purchases. Norman was summoned to Frazer's office, where he interrogated her for an hour and a quarter. The questioning was "nasty" and "unpleasant"; typical remarks were "You are being dishonest" and "You took the money. You even look guilty."

Norman told Frazer half a dozen times that she felt ill and would like someone to be with her. His only reply was that she could leave when she signed an admission. When she refused to sign, he told her that she was fired.

We think that from this account the jury could conclude that Frazer behaved unreasonably, that it should have been obvious to him that Norman was becoming emotionally distressed, and that the repeated statements of a 60 year old woman that she felt ill supplied him with facts sufficient to realize that illness might result.

We come then to what seems to us the most serious objection to the judgment below: that Judge Timbers refused to allow either of the two professional shoppers to testify. His reasoning was given most fully with respect to the false imprisonment count: He held that their testimony would serve only to establish probable cause and that probable cause is not a defense to an action for false imprisonment; moreover, it would in any event be an affirmative defense which, under Rule 8(c), must be pleaded specially. He subsequently extended the ruling to the other three counts, apparently on the same rationale, and denied the defendant's motion to file an amended answer raising the defense of probable cause.

It appears rather strange on the face of it that the testimony of the professional shoppers should be excluded as irrelevant to allegations that the interrogation purportedly based on their report was tortious. Their testimony should have been admitted if only to show the setting in which Norman was questioned. It was an integral part of the events leading up to Norman's interrogation. In any event, the relevance of their testimony to the third count was more direct than that. Extended questioning by Frazer was more reasonable if through the professional shoppers he had a first-hand report of what was at least a failure to heed an important store rule

than if there was merely suspicion based on hearsay or circumstantial evidence. The defendant was entitled to introduce evidence bearing on the reasonableness of its employee's conduct, and we therefore remand for a new trial on the third count.

Since this disposes of the appeal, we need not pass upon the defendant's claim that the award is excessive. It may well be that the failure of the district court to allow the defendant to develop the circumstances leading to the questioning of Norman—though in theory relevant only to the question of liability and not to the amount of the award—was a factor contributing to the $10,000 award, which seems somewhat high in light of the fact that Norman's medical expenses and lost wages totalled approximately $700.

The judgment of the district court on the third count is reversed and that count is remanded for a new trial.