**Frank FOSTER and wife, Gerrie Foster**

v.

**TRENTHAM'S INC.**

**Civ. No. 3–78–127.**

United States District Court,
E. D. Tennessee, N. D.

Aug. 17, 1978.

L. Anderson Galyon, III, Knoxville, Tenn., Ronald E. Sharp, Sevierville, Tenn., for plaintiffs.

Frank Q. Vettori, Knoxville, Tenn., for defendant.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiffs Gerrie Foster and her husband brought this diversity action charging the defendant with malicious prosecution and "outrageous conduct causing severe emotional distress". The defendant has moved to dismiss the claim of Gerrie Foster on the ground that she can recover in this action only under the tort of outrageous conduct and that the complaint fails to state a cause of action under that tort.

The plaintiffs do not dispute the defendant's claim that Gerrie Foster can recover, if at all, only for the tort of outrageous conduct. Furthermore, the Court agrees with the defendant that under Tennessee law a complaint alleging outrageous conduct must specify the conduct deemed to be outrageous and that the Court must assess the sufficiency of the allegations as a matter of law. See *Swallows v. Western Electric Co., Inc.*, 543 S.W.2d 581 (Tenn. 1976). However, while expressing no view on the likelihood of plaintiffs' success on the merits, the Court does conclude that the complaint is sufficient to survive a motion to dismiss at this stage of the proceedings.

The Tennessee Supreme Court has held that

Liability for the tort of "outrageous conduct" exists only where (1) the conduct of the defendants has been so outrageous in character, and so extreme in degree, as to be beyond the pale of decency, and to be regarded as atrocious and utterly intolerable in a civilized society, and (2) the conduct results in serious mental injury.

*Swallows v. Western Electric Co., Inc., supra*, at 582 (citations omitted). Plaintiffs have alleged that the defendant maliciously instituted criminal proceedings against Frank Foster thereby causing him to be arrested, incarcerated and extradicted, while knowing that such criminal proceedings were invalid and could not result in conviction. This alleged conduct appears to be at least as outrageous as that stated by the Tennessee Supreme Court to justify

recovery in *Medlin v. Allied Investment Co.*, 217 Tenn. 469, 398 S.W.2d 270 (1966). In *Medlin*, the Court specifically agreed that a cause of action had been stated in *Urban v. Hartford Gas Co.*, 139 Conn. 301, 93 A.2d 292 (1952). In *Urban*, because the defendant mistakenly believed that the plaintiffs had not paid installments due on a water heater, the defendant repossessed the appliance. At the time of the repossession, employees stated to several persons that the plaintiffs did not pay their bills and suggested that the plaintiffs were "deadbeats". In analyzing the *Urban* case, the false "public imputation of dishonesty" appeared to be the element that the Tennessee Supreme Court considered crucial. *Medlin v. Allied Investment Co., supra*, at 275. The alleged institution of unwarranted criminal proceedings certainly must be considered a false "public imputation of dishonesty". Accordingly, this complaint does sufficiently allege a course of conduct on the part of the defendant which could be characterized as outrageous.

This finding by the Court would end the matter except that Frank Foster, rather than Gerrie Foster, was the person accused of passing a bad check. In regard to conduct directed against a person other than the plaintiff which would nevertheless justify recovery, the Restatement of Torts (2d), § 46(2) states in part as follows:

> Where [extreme and outrageous conduct] is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress (a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm . . . .

While it is not entirely clear which, if any, actions did allegedly take place in the presence of Gerrie Foster the Court considers the allegation that the arrest took place at plaintiff's home plus the continuing nature of the alleged conduct sufficient to satisfy this element for purposes of the motion to dismiss.

For the foregoing reasons it is ORDERED that defendant's motion to dismiss be, and the same hereby is, denied.

Order accordingly.