[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Alberta Skirkanich brings an action in two counts against the defendant Waterbury Hospital. Ms. Skirkanich alleges that after her baby was stillborn at the hospital, she allowed the infant's body to be taken away for an autopsy by the hospital staff on the express understanding that the body would be returned to the plaintiff. The body was never returned, and the complaint alleges that the body "disappeared" due to the gross negligence of the defendant and in breach of the plaintiff's contract with the defendant. The plaintiff claims damages for emotional distress.
The defendant has moved for summary judgment, on the grounds a) that one cannot recover for emotional distress for a breach of contract, and b) that the hospital's conduct, even if negligent, does not fall into any of the narrowly outlined situations recognized in Connecticut as supporting a claim for emotional distress.
The defendant is technically correct that one cannot recover for emotional distress merely for a breach of contract. However, a contract may give rise to a duty to use reasonable care to refrain from acting in a manner, in carrying out the contract, that would subject the other party to injury, including emotional CT Page 5911 upset that may lead to injury. This principle was recognized in Urban v. Hartford Gas Co., 139 Conn. 301 (1952), when the repossession of a gas heater from the plaintiffs by the defendant in violation of the contract between the parties was held to support a good cause of action grounded in negligence. Id., at 305. Reasonable care would have disclosed that the plaintiffs in that case had not fallen behind on their installment payments for the heater, and thus the repossession resulted in the invasion of a legal right of the plaintiff by the defendant for which the plaintiff was entitled to at least nominal damages. Id., at 305-06.[1]
Therefore, the defendant is not entitled to summary judgment on the second count which alleges a breach of duty arising out of a contract between plaintiff and the defendant involving the handling of the body of the stillborn infant.
The defendant suggests, though, that the plaintiff cannot prevail on her first count, in which she alleges negligent infliction of emotional distress, because that cause of action has been narrowly defined in Connecticut and the plaintiff's allegations do not fall into one of the recognized circumstances supporting such a claim. The defendant defines these as either classic bystander emotional distress, or negligent disposal of a corpse or mishandling of human remains, claiming that neither situation is applicable here. The defendant fails to discern that except in the case of bystander emotional distress in medical malpractice cases, see, Maloney v. Conroy, 208 Conn. 392 (1988), the tort of negligent infliction of emotional distress is still evolving and expanding in Connecticut. Compare, Orlo v. Connecticut Co., 128 Conn. 231 (1941) with Bertozzi v. McCarthy, infra. Since 1986, a number of cases involving negligent infliction of emotional distress within the Urban definition have been upheld on appeal, and none of them involves an easily classifiable factual situation: Morris v. Hartford Courant Co.,200 Conn. 676 (1986) (unreasonable conduct in the course of discharging employee from employment); Buckman v. People Express, Inc., 205 Conn. 173 (1987) (termination of health insurance coverage); Kilduff v. Adams, Inc., 219 Conn. 314 (1991) (fraud in the course of a house foreclosure).
Both the plaintiffs and the defendant correctly point out that the real issue is one of forseeability, that is, whether the defendant could reasonably have forseen that a breach of any duty it owed to the plaintiff would create the risk of causing distress CT Page 5912 and that such distress might result in illness or bodily harm. Bertozzi v. McCarthy, 164 Conn. 463, 469 (1973). The parties are at odds over whether in this case the forseeability aspect is one which can be decided as a matter of law or whether it is a question of fact. The question of whether the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress which might in turn result in illness or bodily harm to the plaintiff is a proper question for the trier of fact. Montinieri v. Southern New England Telephone Co.,175 Conn. 337, 345 (1978).
In both counts of her complaint, the plaintiff has alleged a set of facts which, if proved, give rise to a duty on the part of the defendant in its conduct toward the plaintiff. Further she has alleged that she has "suffered physical and mental pain and suffering," Count I, paragraph 9, and Count II, para. 10, and that she has incurred expenses to attempt to "cure" her suffering. She has filed an affidavit to this effect in her papers in opposition to summary judgment.
This case, as most cases in which negligence is at issue, "involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . ." Michaud v. Gurney, 168 Conn. 431, 434
(1975), quoting Pine Point Corporation v. Westport Bank Trust Co., 164 Conn. 54, 56 (1973).
The defendant's motion for summary judgment is denied.
PATTY JENKINS PITTMAN, J.