[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On November 24, 1993, the plaintiff, Pat Frulla, filed a two count complaint against Richard M. Gordon, both individually and in his capacity as an attorney, seeking damages arising out of alleged publications of defamatory statements.
The first count, sounding in libel per se, alleges that on or about January 14, 1992, and on November 13, 1992, the defendant stated in letters addressed to Attorney Roland F. Moots that the plaintiff had been married to Mrs. Elaine Gannon while knowing that such statements were untrue and defamatory in nature. According to the plaintiff, those statements were libelous and were brought to her attention upon receipt of copies from Gannon.
The second count, sounding in slander per se, alleges that on various dates between January 14, 1992 through May of 1992, the defendant orally stated to "individuals" those same alleged defamatory statements set out in count one.
On March 30, 1994, the defendant filed an answer and five special defenses, which allege that: (1) any communication made to Moots does not constitute publication; (2) if the statements were made, as alleged in the first count, they were made with respect to a matrimonial matter in which the defendant and Moots were engaged and did not result in harm to the plaintiff; (3) CT Page 11942 if the statements were made, as alleged in the second count, they were also made with respect to a matrimonial matter in which the defendant and Moots were engaged and did not result in harm to the plaintiff; (4) "a statement that the plaintiff had been married to another is not libelous per se", and; (5) "a statement that the plaintiff had been married to another is not slanderous per se." On May 2, 1994, the defendant, by way of an amended sixth special defense, alleges that he is entitled to absolute privilege for "statements made in the context and in the manner alleged by plaintiff."
On June 21, 1994, the defendant filed a motion for summary judgment on the ground that the communications are absolutely privileged in that they were related to a pending dissolution action between the Gannons. The defendant has filed a memorandum of law and an affidavit in support of his motion. The plaintiff has filed a memorandum of law and an affidavit in opposition to the defendant's motion.
A motion for summary judgment shall be granted "`if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suiarez v. Dickmont Plastics Corp. ,229 Conn. 99, 105, 639 A.2d 507 (1994). A material fact is simply a fact which will make a difference in the result of the case. Genco v. Connecticut Light and PowerCo., 7 Conn. App. 164, 167, 508 A.2d 58 (1986). The burden of proof is on the moving party. State v. Goggin,208 Conn. 606, 616, 546 A.2d 250 (1988). The facts presented must be viewed in the light most favorable to the party opposing the motion. Id. "To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of any material fact." Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984). Issue finding, rather than issue determination, is the key to the procedure. Yanow v.Teal Industries, Inc., 178 Conn. 262, 269, 422 A.2d 311
(1979).
"`Broadly speaking, "defamation" is an attack on the reputation of another, that is to say, the unprivileged CT Page 11943 publication of false statements which naturally and proximately result in injury to another. The term is used to connote fault in the context of broadcasting an alleged insult.'" Ford v. B.D. Trustees, Conn. StateUniversity, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 511557 (August 12, 1993, Koletsky, J.); quoting 53 C.J.S. Libel and Slander, § 2 (1987, Sup. 1992). To create liability for defamation there must be:
(a) a false and defamatory statement concerning another;
(b) an unprivileged publication to a third party;
(c) fault amounting to at least negligence on the part of the publisher, and;
(d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.
Id., citing 3 Restatement (Second), Torts § 558.
One who publishes a false and defamatory communication concerning a private person, or concerning a public official or public figure in relation to a purely private matter not affecting his conduct, fitness or role in his public capacity, is subject to liability only if he
(a) knows that the statement is false and that it defames the other,
(b) acts in reckless disregard of these matters, or
(c) acts negligently in failing to ascertain them.
Id., citing 3 Restatement (Second), Torts 580B.
"In defamation actions, the standard of fault applicable to `private individuals' merely requires the plaintiff to prove a negligent misstatement of fact." (Citations omitted.) Id. CT Page 11944
"The effect of an absolute privilege in a defamation action is that damages cannot be recovered for a defamatory statement even it it is published falsely and maliciously." Kelley v. Bonney, 221 Conn. 549, 565,606 A.2d 693 (1992). "`Like the privilege which is generally applied to pertinent statements made in formal judicial proceedings, an absolute privilege also attaches to relevant statements made during administrative proceedings which are `quasi-judicial' in nature.'" (Citations omitted.) Id., 565-66. "Once it is determined that a proceeding is quasi-judicial in nature, the absolute privilege that is granted to statements made in furtherance of it `extends to every step of the proceeding until final disposition.'" (Citations omitted.) Id.
Count I -
Libel Per Se "is a libel the defamatory meaning of which is apparent on the face of the statement and is actionable without proof of actual damages." (Citation omitted.) Battista v. United Illuminating Co., 10 Conn. App. 486,491-92, 523 A.2d 1356 (1987), cert. denied,204 Conn. 802-03 (1987).
In support of his motion, the defendant has filed his own affidavit, wherein he states, in part, that:
 I represented Edgar Gannon in connection with a marital dissolution action. Mrs. Elaine Gannon was then represented by Roland F. Moots, Jr., an attorney having an office in New Milford, CT.
 During the pendency of the action and in connection therewith, I wrote two (2) letters dated January 14, 1992 and November 13, 1992.
That those communications were absolutely privileged.
(Defendant's affidavit dated June 2, 1994, pars. 4-6.) CT Page 11945
The defendant maintains in his supporting memorandum that the first letter pertained to financial issues and indicated that if a settlement could not be reached, a cross complaint alleging adultery would be filed based upon Mrs. Gannon's relationship with the plaintiff. The defendant further maintains that the second letter addressed an alimony claim and again made reference to the relationship between Mrs. Gannon and the plaintiff. The defendant argues that those letters were drafted within the context of a pending action for dissolution of marriage and, whether defamatory or not, are absolutely privileged.
The plaintiff's opposition memorandum is silent on this issue.
"Whether a publication is libelous per se is a question for the court" and "[w]hether a published article is libelous per se must be determined upon the face of the article itself. The statements contained therein, taking them in the sense in which common and reasonable minds would understand them, are determinative. . . ." Id., 492.
In the present case, the defendant has failed to produce the letters that serve as the factual predicate for not only the plaintiff's action, but for the defendant's defense of absolute privilege as well. Because the court is deprived of the opportunity to determine upon the face of the articles themselves the context in which the alleged statements were made, a genuine issue of material fact remains as to whether the defendant's letters to Moots constituted libel per se, and the defendant's motion as to the first count is denied.
Count II -
"Slander is an oral defamation of character." (Citation omitted.) DeCampos v. Kennedy Center,3 Conn. L. Rptr. 549, 550 (November 23, 1990, Licari, J.). "An indispensable element of an action of slander is injury to the reputation of the person defamed"; Urban v.Hartford Gas Co., 139 Conn. 301, 308, 93 A.2d 292 (1952); and it has long been the law in this state that accusing CT Page 11946 a woman of being unchaste is actionable. See Weinberg v.Pollock, 4 Conn. L. Rptr. 628, 629 (June 19, 1991, Fuller, J.).
The plaintiff postulates that the oral communications as set forth in the second count of her complaint are not privileged. Furthermore, the plaintiff argues that the defendant has failed to proffer evidence regarding the extent to which the oral communications would be privileged. Based on the foregoing, the plaintiff requests that the defendant's motion be denied.
The defendant has not produced any evidence addressing the plaintiff's claim of slander per se. However, the plaintiff has submitted her own affidavit, which recites the names of individuals who verbally informed the plaintiff of their knowledge of the allegations the defendant is credited with making.
A reading of the plaintiff's affidavit reveals that it is fairly provable that other people heard the alleged slanderous remarks so that a finding of publication can be justified.[1] Since the defendant's moving papers are silent as to the plaintiff's claim of slander per se, the issue of whether the words allegedly uttered by the defendant are false and actionable is a factual question, and the defendant's motion for summary judgment is denied.
PICKETT, J.