[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7398
I. Facts
On April 24, 1995, the plaintiff, Christine Zettergren, filed a five count second amended revised complaint against the defendant, New Britain General Hospital, alleging assault and battery, intentional infliction of emotional distress, defamation, misrepresentation and a CUTPA violation. The plaintiff alleges that these claims arose during a visit to the emergency room.
The defendant filed a motion to strike counts one, two and four for failure to attach a good faith certificate pursuant to General Statutes § 52-190a(a). The defendant moved to strike counts two through five for failure to state a cause of action. The plaintiff filed an objection to the motion to strike.
II. Discussion
A motion to strike attacks the legal sufficiency of a pleading. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). The court is limited to the facts in the complaint, taken in the light most favorable to the plaintiff. Id., 215. The motion does not admit legal conclusions or opinions. Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985).
The defendant argues that the first, second and fourth counts must be stricken for failure to comply with General Statutes § 52-190a, which requires the filing of a good faith certificate in every action which alleges negligence on the part of a health care provider in the provision of medical care and treatment.
The defendant argues that counts one, two and four are not based on medical negligence, so no good faith certificate is required. The allegations do not claim that the injuries were caused by medical negligence. As the plaintiff's counsel argued, it is possible that these acts were committed at the hospital, but not during the course of medical treatment. Accordingly, the motion to strike based on the failure to file a certificate of good faith is denied as to counts one, two and four. CT Page 7399
The defendant also moves to strike counts two, three, four and five for failure to state a cause of action. The defendant claims that the allegation of infliction of emotional distress in count two is insufficient because it does not allege that the agents or employees of the defendant knew or should have known that the conduct complained of involved an unreasonable risk of causing emotional distress to the plaintiff. The plaintiff argues that count two is not based on negligence, so it is unnecessary to allege that the defendant's employees and agents knew or should have known of the risks. Drawing reasonable inferences from the facts alleged, the court finds that the plaintiff has sufficiently stated a claim for intentional infliction of emotional distress. The defendant's motion to strike count two is denied.
The defendant moves to strike count three, which alleges defamation, for failure to allege that the statements were published to third parties, and that the plaintiff incurred injury to her reputation. The plaintiff argues that she did allege publication, which she did. She also argues that where the statements constitute defamation per se, "the law conclusively presumes the existence of injury to the Plaintiff's reputation. He is required neither to plead nor prove it." Urban v. Hartford Gas Co., 139 Conn. 301, 308,93 A.2d 292 (1952). Accordingly, the defendant's motion to strike count three is denied.
The defendant moves to strike count four, arguing that it is impossible to identify the cause of action alleged in the count. The plaintiff argues that the count states a claim for intentional infliction of emotional distress arising out of misrepresentations made by the defendant's agents or employees. The facts alleged support such a cause of action, and therefore, the defendant's motion to strike count four is denied.
The defendant moves to strike count five, alleging a CUTPA violation, for failure to allege facts sufficient to show that the conduct at issue constitutes an unfair or deceptive trade practice, a reasonable estimate of damages suffered. The plaintiff argues that the statute is to be construed liberally, and that the plaintiff did not receive the care for which she had bargained. CT Page 7400
Courts consider three factors in making the determination of whether the conduct falls with the scope of CUTPA:
 "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, its is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other businessmen."
Dadonna v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254,550 A.2d 1061 (1988). As the defendant correctly argues, the plaintiff failed to allege that the hospital engaged in unfair methods of competition, or unfair or deceptive acts or practices related to a consumer transaction, or that the conduct was immoral, unethical or unscrupulous. Additionally, the allegations speak of a private, rather than a public, injury. Also, the allegations do not allege that this conduct is part of the general business practice of the defendant. The plaintiff has not alleged sufficient facts to state a CUTPA claim, and therefore, the defendant's motion to strike count five is granted.
III. Conclusion
The defendant's motion to strike is denied as to counts one, two, three and four, and granted as to count five.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT