[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REQUEST TO REVISE
Request #1.
CT Page 1635
The first count is in breach of contract. The first thirteen paragraphs set forth the alleged terms of the contract, which is alleged to be an oral contract. Paragraphs fourteen through nineteen allege certain discussions between the plaintiff and the defendants to enter into a written contract, which discussions never came to fruition. Hence, the fact of these discussions having taken place is immaterial to the plaintiff's claim of breach of his alleged oral contract with the defendants. Although the content of the alleged discussions may be relevant, asevidence, in proof of the existence, or the terms, of the alleged prior oral contract, the fact of there having been subsequent discussions to attempt to negotiate a written contract does not factually assist the trier in determining whether there was a prior oral contract. Practice Book § 147. The request to revise is granted as to paragraphs 14, 15, 16, 17, 18 and 19 of the first count.
Similarly those paragraphs 14 through 19 are not factually material to the allegations of the second count, which is a claim of promissory estoppel arising out of and appended to the alleged oral contract. The request to revise to remove paragraph 14 through 19 of the second count is granted.
As to the third count, the claim of breach of covenant of good faith and fair dealing, paragraphs 15 and 16 may be relevant as those paragraphs purport to be a unilateral attempt by the defendants to limit or curtail benefits allegedly furnished to him by the terms of the alleged oral contract. As to the remaining paragraphs, which concern the fact of bilateral negotiations, the fact of negotiations are not material. As to the third count, paragraphs 14, 17, 18, 19 are to be deleted.
As to the fourth count, tortious interference, the same rational applies. Paragraphs 14, 17, 18, 19 are to be deleted for the fourth count.
As to the fifth count, negligent misrepresentation, this pertains to the oral contract. Paragraphs 14 through 17 are to be deleted.
As to the sixth count, CUTPA, paragraphs 15 and 16 may be material to the CUTPA claims Paragraphs 14, 17, 18, 19 are to be deleted. CT Page 1636
As to the seventh count, this count allegedly arises out of the alleged oral contract. Hence paragraphs 14 through 19 are to be deleted.
Request #2.
The complaint alleges only an oral contract, set forth in paragraphs 1 through 13. The breach of contract is clearly alleged in paragraph 20. Itemizing of damages claimed, (specific items and amounts), may be sought by disclosure and production. If additional terms are alleged to exist and to have been breached such terms are to be set forth.
Request #3.
This request is to delete from the breach of contract count, and the breach of covenant of good faith and fair dealing, and the promissary estoppel counts, claims seeking damages for "the stress of unemployment, loss of esteem."
 "It is true that in certain limited circumstances comparable tort damages may arise from the breach of a duty which may be the outgrowth of a contractual relationship between the parties . . . the test would be whether the plaintiff intentionally and unreasonably subject the defendants to emotional distress which he should have recognized as likely to result in illness or other bodily harm. If the plaintiff did not intend to cause emotional distress he is liable only if he should have realized that his conduct involved an unreasonable risk of causing the distress and from the facts known to him should have realized that the distress, if it were caused, might result in illness or bodily harm".
 Bertozzi v. McCarthy, 164 Conn. 463, 469 (1973).
See also Urban v. Hartford Gas Co., 139 Conn. 301, 303 (1952) whereby the alleged conduct resulted in "hysterical and emotional upset . . . the flare up of an arrested diabetes condition which led to prolonged illness."
The claim of injury as set forth herein, "the stress of CT Page 1637 unemployment, loss of esteem" would not by any rational interpretation of those terms rise to the level of "illness or bodily harm", nor might it be concluded that normal distress often caused to a person by loss of employment has the natural prospect of rising to the level of "illness or bodily harm." As concerns the contract-related counts, (count one, two and three) "stress of unemployment" and "loss of esteem", being only a pleading of distress and nothing further, would not be material to the plaintiff's claims for damages. Hence these phrases, "loss of self esteem" and "stress of unemployment" are to be deleted from counts 1, 2 and 3 of the complaint.
Request #4.
The contract has been clearly delineated as an oral contract in paragraphs 1 through 12 of the complaint. It is assumed that these paragraphs do set forth all of the material terms of the alleged contract. To the extent that the plaintiff will seek to claim that there are additional specific beneficial terms of the alleged contract, the plaintiff is to set forth each additional term. Otherwise damages may not be allowed as to breach any such other beneficial term, for the plaintiff is limited to the items of breach which are claimed in the complaint. Hence, request #4 is granted.
L.P. Sullivan, J.