[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed a motion to strike the defendants' cross complaint and prayer for relief. The underlying action is a contract action. In their cross complaint, the defendants seek damages they claim to have sustained "as a direct result of the Plaintiffs neglect, misuse and conduct." The plaintiff argues that the cross complaint is insufficient because the defendants are seeking tort damages arising out of a contractual relationship. Though the plaintiff concedes that there are limited circumstances under which such damages are merited, he argues that the cross complaint does not allege any of them. The defendants have failed to provide any response to the plaintiffs motion, neither filing an objection, nor appearing to argue in opposition at Short Calendar.
In Bertozzi v. McCarthy, 164 Conn. 463, 323 A.2d 553
(1973), the Supreme Court outlined situations under which a party may claim tort damages arising from a contractual relationship. "It is true that in certain limited circumstances compensable tort damages may arise from the breach of a duty which may be the outgrowth of a contractual relationship between the parties.Urban v. Hartford Gas Co., 139 Conn. 301, 304, 93 A.2d 292. Paraphrasing what we said in that case (pp. 306, 307), the test CT Page 9855 would be whether the plaintiff intentionally and unreasonably subjected the defendants to emotional distress, which he should have recognized as likely to result in illness or other bodily harm. If the plaintiff did not intend to cause emotional distress, he is liable in damages only if he should have realized that his conduct involved an unreasonable risk of causing the distress and from the facts known to him should have realized that the distress, if it were caused, might result in illness or bodily harm. See also Restatement, 2 Torts 312, 313." (Internal quotation marks omitted.) Bertozzi, supra 164 Conn. at 469.
There is no allegation in the cross complaint in this matter that the plaintiff intentionally caused the defendants harm. Nor is there an allegation that the plaintiff should have recognized the likelihood of harm. Therefore the cross complaint is legally insufficient. Plaintiffs motion to strike is granted.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT