[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court are defendant Shure Funeral Home's Motion for Summary Judgment and the plaintiffs, Harvey and Philip Himberg's Objection. The defendant argues that it is entitled to judgment because the plaintiffs cannot prove that the defendant owed them a duty, and because the plaintiffs were not party to the contract with the defendant. The plaintiffs object, arguing that there are issues of material fact in dispute which preclude the granting of the defendant's motion.
 FACTS
The facts pertinent to the motion are largely undisputed. Ethel S. Himberg, the mother of the plaintiffs, died on October 23, 1997. The defendant, Shure Funeral Home, managed her funeral arrangements pursuant to a contract[1]. The decedent, Ethel Himberg, had purchased a plot at Temple Mishkin Israel before her death. Ethel S. Himberg's funeral took place on October 27, 1997. Shure Funeral Home buried the decedent in a plot. After her internment, it was discovered that the decedent was buried in the wrong plot. On or about March 27, 1998, her corpse was removed from the wrong plot and re-interred in the correct plot. The plaintiffs, who were not residents of this state, returned to Connecticut to attend the re-internment.
The plaintiffs filed a suit against Shure Funeral Home and others on February 10, 2000. They brought the action in their individual capacity. Subsequently, the plaintiffs filed a revised amended complaint on March CT Page 2582 6, 2000 which contained claims asserted against the defendant Shure Funeral Home of negligent infliction of emotional distress, breach of contract, and breach of contract as third party beneficiaries. Specifically, the plaintiffs claim that they suffered extreme emotional distress as a result of the error in the burial because the re-internment violated their religious beliefs; and the plaintiffs claim they are entitled to damages because the defendant breached its contract. On April 25, 2000, the defendant Shure timely filed and served its answer and defenses to the amended revised complaint. After the defendant filed and served its motion for summary judgment but before the oral argument the plaintiffs filed a request to file a second amended revised complaint. The defendant timely objected to the filing of the second amended revised complaint. Because the request to amend and the objection have not yet been decided by the court, this court treats the revised complaint dated March 6, 2000 as the operative complaint.
 ISSUES IN DISPUTE
The issues in dispute are: (1) whether a funeral home owes a duty to decedent's relatives when it has negligently buried a body in the wrong plot; and (2) whether the sons of the decedent may bring a breach of contract claim against the funeral home for breach of warranties when they were not a party to the contract[2]. For reasons more fully set forth below, this court holds that the defendant funeral home may owe a duty to the plaintiffs, therefore, the defendant's motion must be denied on this ground. However, since there is no dispute that the plaintiffs were not party to the contract with the defendant, the defendant's motion for judgment on that claim is granted.
 DISCUSSION
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Brackets in original; internal quotation marks omitted). Community Action forGreater Middlesex County, Inc. v. American Alliance Ins. Co.,245 Conn. 387, 397, ___ A.2d ___ (2000).
The party seeking summary judgment has the burden to show the nonexistence of any genuine issue of material fact. See id., 397-98. If the movant has shown the nonexistence of a material fact, the non-movant "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the CT Page 2583 existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Brackets in original; internal quotation marks omitted.) Maffucii v.Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1988).
The defendant states in its motion for summary judgment that there is no genuine issue of material fact in dispute for any of the claims alleged against it. The defendant claims that it did not owe a duty to the plaintiffs and therefore can not be held liable for a negligent infliction of emotional distress claim. To the breach of contract claim, it asserts that the plaintiffs have no standing to bring that claim.
Whether the Funeral Home Owes a Duty to the Sons of the Deceased
As a result of burying the decedent in the wrong plot and subsequently having to rebury the corpse, the plaintiffs claim a cause of action for negligent infliction of emotional distress. The defendant argues, in turn, that it did not owe a legal duty to the sons of the decedent.
To succeed in a claim for negligent infliction of emotional distress, the plaintiff must prove two facts: (1) negligence on the part of the defendant; see Urban v. Hartford Gas Co., 139 Conn. 301, 304, 93 A.2d 292
(1952); and (2) that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm."Parsons v. United Technologies Corp., 243 Conn. 66, 88, 700 A.2d 655
(1997); Urban v. Hartford Gas Co., supra, 139 Conn. 307.
The defendant moves for summary judgment based upon the negligence prong of the claim. "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Mendillo v. Board of Education, 246 Conn. 456, 483, 717 A.2d 1177
(1998). "If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Internal quotation marks omitted.) Maffucci v. RoyalPark Ltd. Partnership, supra, 243 Conn. 567.
Thus far, the Connecticut Supreme Court and the Connecticut Appellate Court have not decided the issue of the duty that a funeral home may owe to the relatives of decedents. To support its argument that it owed no duty to the plaintiffs the defendant relies on cases that are not directly applicable. The defendant first cites Waters v. Autuori, CT Page 2584236 Conn. 820, 676 A.2d 357 (1996), which concerned plaintiffs who sued the American Institute of Certified Public Accountants (AICPA) for negligently promulgating accounting standards. See id., 822. The court inWaters ruled that AICPA was not liable to the plaintiffs because they were third parties who suffered from an indirect harm. See id., 832, 836. In RK Constructors Inc. v. Fusco Corp., 231 Conn. 381, 650 A.2d 153
(1994), the second case that the defendant uses to support its claim that it had no duty towards the plaintiffs, an employer sued a third party because that third party's negligence caused an injury to its employee that made the employer's worker's compensation insurance rise. The RKConstructors court found that even though the injury to the plaintiff was foreseeable, the nexus between its employee's injury and the detriment to its profits as a result was too tenuous. See id., 387-88. Though both cases articulate broad principles which might be applied to this case, neither case supports the defendant's contention that this court can conclude it owes no legal duty to the plaintiffs.
On the other hand, the plaintiffs rely on decisions in other jurisdictions and a pair of Superior Court decisions which confronted similar fact patterns. The plaintiffs contend that a majority of jurisdictions considering the issue, have held that a relative may sue for negligent infliction of emotional distress for the negligent handling of their decedent's remains.[3] In Connecticut, two Superior Courts, though not addressing the issue directly. handled matters arising from similar fact patterns. In Perkins v. Colonial Cemeteries, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 144646 (Karazin, J., May 16, 1996), the defendant buried the decedent's body in three different grave sites. Ruling upon a motion to strike the intentional and reckless inflictions of emotional distress, the court allowed a claim for both emotional distress claims to survive the motion. In another case, Begin v. Driscoll Mortuary, Superior Court, judicial district of Litchfield, Docket No. 050103 (Pickett, J., April 25, 1990), the court dealt with a count that alleged that the defendant failed to repair and preserve the body of the decedent in a "workmanlike manner." See id. The Begin court stated that "it is conceivable that the mortuary's failure to prepare the body for a proper burial could pose an unreasonable risk of emotional distress to the decedent's family." (Emphasis added.) Id. Neither case addresses the precise issue of whether the defendant owed a duty to the relations of the decedent. But the fact that the two courts allowed these cases to go forward suggests that there may be a legal duty owed by funeral homes or mortuaries to the relatives of a decedent, under certain circumstances, particularly where a mortuary could foresee that its negligent actions might create an unreasonable risk of emotional distress.
Given the legal standard applicable to negligent infliction of CT Page 2585 emotional distress claims and given the applicable case law, this court holds that the defendant has not met its burden of proving that it is entitled to judgment as a matter of law. This court cannot conclude that there is no legal duty owed by a funeral home to the relatives of a decedent. Such a duty might exist under certain factual circumstances. The defendant has not proven the nonexistence of material issues of fact. Specifically, there are issues in dispute as to whether the injury to the plaintiffs was reasonably foreseeable and whether the plaintiffs were of a sufficiently close relation to the decedent to require that the defendant owed them a duty. Therefore, the court denies its motion for summary judgment on this ground.
Whether The Defendant Has Breached a Contract with Plaintiffs
The defendant next asserts that plaintiffs do not have standing to assert breach of contract. Specifically, it argues that the plaintiffs were not parties to the contract and, thus, have no standing to sue on the contract.
Standing implicates subject matter jurisdiction. See Fish Unlimited v.Northeast Service Co., 254 Conn. 20, 31, ___ A.2d ___ (2000). Therefore, when a party raises the issue of standing, the court must decide the issue. See In re Carissa K., 55 Conn. App. 768, 774, 740 A.2d 896
(1999).
In the operative amended revised complaint, the plaintiffs allege they were parties to the contract with the defendant. However, in their brief and during oral argument the plaintiffs concede that they were not parties to the contract with the defendant. In fact, in their proposed second revised amended complaint of August 23, 2000, the plaintiffs no longer claim that they were parties to the contract.[4] Because the plaintiffs were not parties to the contract with the defendant the plaintiffs have no standing to sue the defendant for breach of contract. In this case, the estate is the proper party to sue the defendant on the breach of contract claim. For this reason, the defendant's motion is granted as to this claim.
 CONCLUSION
In conclusion, the court grants the defendant's motion as to the breach of contract claim and denies the motion as to the negligent infliction of emotional distress claim. Because the plaintiffs abandoned their objection to the motion for judgment on the breach of contract as third party beneficiaries, this court does not address that issue.
Angela C. Robinson-Thomas CT Page 2586 Judge