[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this Court is a motion to strike counts two, three and four of plaintiffs revised complaint filed by defendant, United Illuminating, Co. The plaintiff, Lisa Jolly, filed a memorandum in opposition to which the defendant filed a Reply. Counts 2 through 4 state claims for Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress and Violation of Public Policy.
The revised complaint alleges that the plaintiff was an employee of the defendant or its wholly owned subsidiaries. The first count of the complaint, which is not the subject of the defendant's motion, states a breach of contract claim. That count alleges all the facts relied upon by the plaintiff to assert her claims in the remaining three counts. The pertinent facts are to numerous to recite entirely here. In summary, the complaint alleges that the plaintiff was treated unfairly and denied benefits to which she was entitled. The complaint further alleges that the plaintiff was given an unfair and unfavorable review even though her direct supervisors found her work to be superior. Finally, the complaint also alleges that the defendant failed or refused to co-operate with the plaintiff in obtaining worker's compensation, family leave and disability payments. The plaintiff claims that she was, ultimately, constructively discharged.
The defendant argues that the conduct, as alleged, is neither extreme nor outrageous. The defendant also claims that the plaintiff has failed to assert sufficient facts to establish that her emotional distress was extreme. Finally, the defendant maintains that because the plaintiff was a contract employee, her claim for violation of public policy can not stand.
For reasons more fully set forth, herein, this court grants the defendant's motion to strike counts two and four and denies the motion as to count three. CT Page 15829
LEGAL STANDARD
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded."Parsons v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 625
(1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotations marks omitted.) Id. If the facts provable under the allegations of the complaint would support a cause of action, the motion to strike must fail. Mingachos v. CBS, Inc.,196 Conn. 91, 109, 491 A.2d 368 (1985).
Count Two: Intentional Infliction of Emotional Distress
The law in Connecticut provides that for the plaintiff to maintain an action for intentional infliction of emotional distress against the defendant,
 "four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . ."
 DeLaurentis v. New Haven, 220 Conn. 225, 266-67, 597 A.2d 807 (1991).
"Whether the defendant's conduct and the plaintiffs resulting distress are sufficient to satisfy . . . these elements is a question, in the first instance, for [the] court. Only where reasonable minds can differ does it become an issue for the jury. Reed v. Signode Corp.,652 F. Sup. 129, 137 (D. Conn., 1986); 1 Restatement (Second), Torts section 46, comment (h) (issue of extreme and outrageous conduct) and comment (j) (issue of severe emotional distress)." Mellaly v. EastmanKodak Co., 42 Conn. Sup. 17, 18-19, 597 A.2d 846 (1991) (Berdon, J.).
"Liability for intentional infliction of emotional distress requires CT Page 15830 conduct that exceeds `all bounds usually tolerated by decent society . . .' Petyan v. Ellis, supra 200 Conn. at 245, n. 5, 510 A.2d 1337, quoting W. Prosser W. Keeton, Torts (5th Ed. 1984) section 12, p. 60. `Liability has been only found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded atrocious, and utterly intolerable in a civilized community . . .' Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." Appelton v. Board of Education,254 Conn. 205, 210-211, 757 A.2d 1059 (2000). This outrageous conduct must not only "[exceed] all bounds usually tolerated by decent society, [but it must also be] of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted.) DeLaurentis v. New Haven, supra, 220 Conn. 267.
The defendant argues that the allegations in the revised complaint do not state "extreme or outrageous" conduct; that the plaintiff has failed to allege facts which show that she has suffered severe emotional distress; and that the plaintiff has failed to establish that the conduct of the defendant caused the distress. So the questions for this court are: can this court conclude, as a matter of law, that the conduct alleged is not extreme and outrageous; that the emotional distress claimed by the plaintiff was not severe; or that the plaintiff has failed to sufficiently plead causation?
The court can and does resolve this motion to strike by addressing the first question: whether the complaint sufficiently alleges extreme and outrageous conduct.
The facts relied upon by the plaintiff to support her claim for Intentional Infliction of Emotional Distress claim do not allege conduct which is extreme or outrageous, as a matter of law. In her memorandum in opposition to the motion, the plaintiff restates paragraphs 1-28 of her complaint, but makes no specific reference to the allegations that she believes support her claim for intentional infliction of emotional distress. The court is unable to find allegations that state extreme and outrageous conduct. Therefore, Count Two, as pled, is legally insufficient.
Count Three: Negligent Infliction of Emotional Distress
The defendant next moves for judgment on the third count of the complaint, the negligent infliction of emotional distress claims, arguing that the plaintiff has failed to set forth sufficient facts that the CT Page 15831 termination was wrongful or negligent. The mere fact of the termination, the defendant argues, is insufficient, under Connecticut law, to solely support a claim for negligent infliction of emotional distress.
To succeed in a claim for negligent infliction of emotional distress, the plaintiff must prove two facts: (1) negligence on the part of the defendant; see Urban v. Hartford Gas Co., 139 Conn. 301, 304, 93 A.2d 292
(1952); and (2) that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm."Parsons v. United Technologies Corp., 243 Conn. 66, 88, 700 A.2d 655
(1997); Urban v. Hartford Gas Co., supra, 139 Conn. 307.
The factual allegations in the complaint regarding the negligent infliction of emotional distress are the same ones that the plaintiffs alleges to support her claim for breach of contract. Though the same facts are used to support both claims, this court finds that, viewing the allegations in the manner most favorable to the non-movant, the count is sufficiently pled. Therefore, the court denies the defendant's motion to strike the third count.
Count Four: Violation of Public Policy
Finally, the defendant moves to strike the fourth count of the plaintiffs complaint which alleges that the defendant's conduct violated public policy. The defendant argues that first the claim should be stricken because it does not state which public policy was violated; and second, it should be stricken because since the plaintiff was not an "at-will" employee she may not avail herself of this cause of action. Rather, the plaintiff is bound to bring her claims as breach of contract allegations, the defendant argues. The plaintiff responds, arguing that her claims are legally sufficient.
The court finds that the plaintiff, as an employee covered under an employment contract, has failed to assert sufficient facts to establish that she is entitled to recover under this cause of action. For this reason, the motion to strike count four is granted.
In summary, counts two and four are stricken; defendant's motion to strike count three is denied.
 ___________________ Angela Robinson-Thomas, Judge
CT Page 15832