[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#103)
This action comes before the court on the defendants' motion to strike each of the seven counts of the plaintiffs' complaint dated June 15, 2001. For the reasons stated below, the defendants' motion to strike is granted.
 I. Background
The plaintiffs, Nicole Bartner Graff and Andrew J. Graff, allege the following facts in their seven count complaint. The plaintiffs and the defendants were neighbors in Killingworth, Connecticut. Beginning in January of 2001, the defendants allegedly made comments to various individuals that the plaintiffs were operating an illegal boarding kennel on their property (counts one and three) and that the plaintiffs were CT Page 2730 permitting their dogs to bark excessively and illegally (counts two, four and five). Beginning in March of 2001, the plaintiffs claim that the defendants began to videotape the plaintiffs and the plaintiffs' property and did show the videotapes to third parties (count six). Finally, the plaintiffs claim that they have suffered severe emotional distress as a result of the defendants' actions (count seven).
The plaintiffs brought a seven count complaint dated June 15, 2001 against the defendants alleging five counts of defamation, one count of invasion of privacy and one count of intentional infliction of emotional distress.
On October 29, 2001, the defendants filed the instant motion to strike (#103) each of the seven counts of the complaint. The defendants claim that the first, second, third, fourth and fifth counts fail to allege statements that can be considered defamatory as a mailer of law and that these counts fail to allege any reputational or special damage. As to the sixth count, the defendants claim that it should be stricken for failure to allege conduct highly offensive to a reasonable person, failure to allege appropriation of plaintiffs' names or likenesses for defendants' advantage and failure to allege intrusion upon the plaintiffs' seclusion. Finally, as to count seven, the defendants claim that the plaintiffs have failed to allege conduct that can be considered outrageous as a mailer of law and have failed to allege that the defendants intended or knew that emotional distress might result from their conduct.
On November 7, 2001, the plaintiffs filed their brief in opposition to the motion to strike (#104). On November 29, 2001, the defendants filed their reply memorandum in support of the motion to strike (#105). The court heard oral argument at short calendar on December 3, 2001, and after reviewing the pleadings submitted by the parties concerning the motion, and considering their arguments, now issues this memorandum of decision.
 II. Standard of Review
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [in ruling on a motion to strike is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action. " (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378
CT Page 2731698 A.2d 859 (1997). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 522-23, 753 A.2d 927
(2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Doe v. YaleUniversity, 252 Conn. 641, 667, 748 A.2d 834 (2000).
 III. Discussion
The defendants have moved to strike the first five counts on the grounds that each of these counts fail to allege statements that can be considered defamatory as a matter of law, fail to allege that the plaintiffs' reputations have been damaged and fail to allege any special damage.
In opposition, the plaintiffs claim that those counts which allege that the defendants falsely accuse the plaintiffs of operating an illegal boarding kennel constitute libel per se because the subject allegations can be construed to imply that the plaintiffs are guilty of larceny by taking money from consumers under false pretenses. Therefore, the plaintiffs argue that allegations of special damages are not required. Further, the plaintiffs contend that by alleging that the plaintiffs suffered humiliation, embarrassment and emotional distress, and incurred economic loss, they have alleged special damages.
"Defamation is comprised of the torts of libel and slander. Defamation is that which tends to injure reputation in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory, or unpleasant feelings or opinions against him. . . . Slander is oral defamation. [The] court has delineated specific categories of speech deemed actionable per se where the defamatory meaning of [the speech] is apparent on the face of the statement. . . ." (Citations omitted; internal quotation marks omitted.) DeVito v. Schwartz, 66 Conn. App. 228, 234, 784 A.2d 376
(2001). "A prima facie case of defamation is made when the plaintiff demonstrates that: 1. [a] defamatory statement was made by the defendant; 2. [t]he defamatory statement identifies the plaintiff to a reasonable reader; 3. [t]he defamatory statement is published to a third person; and; 4. [t]he plaintiff's reputation suffers injury. . . ." (Citation omitted.) Silva v. New York Life Insurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 342973 (January 12, 2001, Skolnick, J.). CT Page 2732
 A. Counts One and Three
In counts one and three, the plaintiffs allege that the defendants on three occasions "falsely and maliciously stated to Cathie S. Jefferson that the plaintiffs were operating an illegal boarding kennel." (Paragraph 3.). The plaintiffs further allege that the plaintiffs "suffered embarrassment, humiliation and emotional distress, and incurred economic loss." (Paragraph 4.)
The plaintiffs do not allege that they have suffered injury to their reputation. Since this is one of the required elements for a prima facie case of defamation, counts one and three are legally insufficient.
Additionally, the plaintiffs have failed to plead a cause of action for slander per se. "When the defamatory words are actionable per se, the law conclusively presumes the existence of injury to the plaintiffs reputation. He is required neither to plead nor to prove it." (Internal quotation marks omitted.) Olivas v. DeVivo Industries, Inc., Superior Court, judicial district of Danbury, Docket No. 335908 (February 26, 2001, Hiller, J.) "We have recognized slander to be actionable per se where the utterance falsely charges a crime involving moral turpitude or to which an infamous penalty is attached." Moriarty v. Lippe,162 Conn. 371, 383, 294 A.2d 326 (1972). "The modern view of this requirement is that the crime be a chargeable offense which is punishable by imprisonment . . . The allegation that a person committed a crime need not be as specific as in an indictment, but it must bear some reasonable relation to the legislative definition of a crime." (Citations omitted.)Olivas v. DeVivo Industries, Inc., supra. While the statement at issue does claim some illegality, it does not specify in what way the alleged boarding kennel is illegal.
Connecticut General Statutes § 22-344 provides for only a monetary penalty for any violations regarding boarding kennels, as defined by General Statutes § 22-327 (3).[1] Since any illegality attributable to the plaintiffs by the alleged statement does not carry with it the risk of imprisonment, the plaintiffs have failed to successfully allege a cause of action for slander per se.[2]
"When the defamatory words are actionable per se, the law conclusively presumes the existence of injury to the plaintiffs' reputation. He is required neither to plead not to prove it . . . The rule is different, however, when the defamation is actionable per quod. There, the law indulges in no such presumption. For this reason, injury to the reputation must be alleged and proved as an essential link between the slanderous utterances and the special damage which constitutes the basis of recovery in actions per quod." (Citations omitted.) Urban v. HartfordCT Page 2733Gas Co., 139 Conn. 301, 308, 93 A.2d 292 (1952).
Since the plaintiffs have failed to allege a cause of action for defamation per se and have failed to plead any damage to their reputation, the plaintiffs have failed to allege legally sufficient causes of action in counts one and three. The motion to strike counts one and three is granted.
 B. Counts Two, Four and Five
In count two, the plaintiffs allege that the defendant, Shawn O'Connell, on February 15, 2001, "falsely and maliciously stated to an officer of the Connecticut State Police, whose name is presently unknown to the plaintiffs, that the plaintiffs were permitting their dogs to bark excessively and unlawfully on that very evening." (Paragraph 3.) In count four, the plaintiffs allege that the "defendant Shawn O'Connell falsely and maliciously stated to Marianne Smith that the plaintiffs unlawfully permitted their dogs to bark outside their home at 5:00 a.m. every day for a week." (Paragraph 3.) In count five, the plaintiffs allege that "the defendant Kerry O'Connell falsely and maliciously stated to Marianne Smith, among other things, that the plaintiffs had permitted one of their dogs to bark excessively and illegally outside their home in the early morning hours of March 1, 2001." (Paragraph 3.) Additionally, the plaintiffs claim as to each of counts two, four and five that they have "suffered embarrassment, humiliation and emotional distress, and incurred economic loss." (Counts 2, 4 and 5, paragraph 4.)
Just as with counts one and three, the plaintiffs have failed to allege any injury to their reputation in counts two, four and five. Therefore, unless these counts constitute defamation per se, they too are legally insufficient.
General Statutes § 22-363 provides that "[n]o person shall own or harbor a dog or dogs which is or are a nuisance by reason of . . . excessive barking . . . Violation of any provision of this section shall be an infraction for the first offense and such person shall be fined not more than one hundred dollars or imprisoned not more than thirty days or both for each subsequent offense . . ." Therefore, unless the defendants previously have been convicted under this statute, this alleged violation cannot result in a term of imprisonment. The plaintiffs do not allege this to be the case.
Furthermore, "[t]o be actionable, the statement in question must convey an objective fact, as generally, a defendant cannot be held liable for expressing a mere opinion. " Daley v. Aetna Life Casualty Co.,249 Conn. 766, 795, 734 A.2d 112 (1999). The statements allegedly made by CT Page 2734 the defendants of "excessive barking" certainly amount to subjective assessments, and, therefore, opinions. The statements at issue in counts two, four and five do not allege a crime with the required specificity to be considered defamation per se.[3] The plaintiffs have not alleged a legally sufficient cause of action for defamation per se.
Accordingly, the causes of action for defamation alleged in each of counts two, four and five are legally insufficient. The motion to strike counts two, four and five is granted.
 C. Count Six
In count six, the plaintiffs allege that from March 1, 2001 to the date of the complaint, "the defendants, with malice and with the intent unreasonably to intrude upon the seclusion of the plaintiffs, to appropriate their likenesses, to unreasonably publicize the private lives of the plaintiffs, and to place the plaintiffs in a false light before third persons, have engaged in a continuous course of videotaping the plaintiffs and their property during the daily affairs of the plaintiffs' lives." (Paragraph 3.) Additionally, the plaintiffs have alleged that "[u]pon information and belief, the defendants, without permission and with malice and for the improper purposes described in Paragraph 3, have shown the aforesaid videotapes to third persons whose identities are presently unknown to the plaintiffs." (Paragraph 4.)
The defendants have moved to strike this count, arguing that this count is legally insufficient because it "fails to allege conduct that is highly offensive to a reasonable person, fails to allege the appropriation of the plaintiffs' names or likenesses for the defendants' benefit or advantage and fails to allege intrusion upon the plaintiffs' physical seclusion or solitude." (Defendants' motion to strike, p. 1.) In opposition to the motion to strike, the plaintiffs claim that their allegations in count six are identical to those in Goodrich v. WaterburyRepublican-American, Inc., 188 Conn. 107 (1982).
"Connecticut first recognized the tort of invasion of privacy inGoodrich v. Waterbury Republican-American, Inc., 188 Conn. 107 (1982). In recognizing this right, the court noted that the law of privacy had not developed as a single tort, but rather as a complex of four distinct kinds of invasion of four different interests of the plaintiff which are tied together by the common name, but otherwise have almost nothing in common except that each represents an interference with the right of the plaintiff to be left alone." (Internal quotation marks omitted.) O'Brienv. Perry, Superior Court, judicial district of Hartford, Docket No. 584503 (February 19, 1999, Fineberg, J.). CT Page 2735
"Our Supreme Court has described the four types of invasion of privacy: (1) appropriation, for the defendant's benefit or advantage, of the plaintiff's name or likeness; (2) intrusion upon the plaintiff's physical solitude or seclusion; (3) publicity, of a highly objectionable kind, given to private information about the plaintiff even though it is true and no action would lie for defamation; and (4) publicity which places the plaintiff in a false light in the public eye." (Internal quotation marks omitted.) Honan v. Dimyan, 52 Conn. App. 123, 131,726 A.2d 613, cert. denied 249 Conn. 909, 733 A.2d 227 (1999), quotingVenturi v. Savitt, Inc., 191 Conn. 588, 591 n. 1, 468 A.2d 933 (1983). The plaintiffs herein allege that all of the foregoing have occurred, by pleading them in the conjunctive.[4]
In Count six, the plaintiffs vaguely allege publicity "to third persons whose identities are presently unknown to the plaintiffs." (Paragraph four). "[I]t is not an invasion of the right of privacy . . . to communicate a fact concerning the plaintiffs private life to a single person or even to a small group of persons." Olivas v. DeVivo Industries,Inc., Superior Court, judicial district of Danbury, Docket No. 335908 (February 26, 2001, Hiller, J). While this count does not sufficiently allege publicity in order to be a legally sufficient cause of action for invasion of privacy, the defendants do not state this as a ground for their motion to strike. The defendants do mention it in their memorandum of law in support of motion to strike complaint (#103.50), but this is not enough to support the granting of a motion to strike this count for this reason. Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4, 594 A.2d 1
(1991).
The defendants do argue in their motion to strike that the plaintiffs fail to allege conduct highly offensive to a reasonable person. Therefore, the court must first determine if the information allegedly publicized would be protected such that its publication would be considered highly offensive to a reasonable person. There is a "three-part test to determine whether a reasonable person would consider information to be a private fact: (1) whether the plaintiff voluntarily revealed the information or actively sought to keep it private; (2) whether the matter involves some social value, nature of which is decided by the fact finder; and (3) whether the information is of any relevance to any ongoing public debate."Smith v. Hartford, Superior Court, Complex Litigation Docket at Tolland, Docket No. 70792 (July 14, 2000, Bishop, J.)
The Connecticut Supreme Court has "listed the following as examples of personal and private information that are given protection: sexual relations; family quarrels; many unpleasant or disgraceful or humiliating illnesses, most intimate personal letters; most details of a man's life in his home and some of his past history that he would rather forget." CT Page 2736 Id., citing Perkins v. Freedom of, Information Commission, 228 Conn. 158,172-173, 635 A.2d 783 (1993).
The sixth count is vague in that this court cannot determine exactly what the defendants allegedly videotaped. The court also cannot determine from the pleadings how the plaintiffs sought to keep this information private, how it involves social value or how the information allegedly videotaped was relevant to any ongoing public debate. The plaintiffs have not alleged the videotaping of any of the aforementioned enumerated examples of protected personal and private information. For example, the plaintiffs have alleged the "videotaping of the plaintiffs and their property," but have not alleged that the defendants videotaped any details of the plaintiffs' lives in their home, as specified on the list of protected information. The plaintiffs have not alleged that the defendants have publicized any protected conduct of the plaintiffs. Therefore, the defendants' alleged conduct cannot be considered highly offensive to a reasonable person. As this is a prerequisite to any invasion of privacy claim, the motion to strike count six is granted.
 D. Count Seven
The defendants have moved to strike the seventh count, which purports to state a cause of action for the intentional infliction of emotional distress, on the grounds that it fails to allege conduct by the defendants that can be considered extreme and outrageous as a matter of law and that it fails to allege that the defendants intended or knew that emotional distress was the likely result. In opposition, the plaintiffs claim that whether conduct was extreme and outrageous is a question of fact for the jury.
"Our Supreme Court recently reiterated the elements which a plaintiff must prove in order to establish a claim for the intentional infliction of emotional distress. In Appleton v. Board of Education of Stonington,254 Conn. 205, 210, [757 A.2d 1059] (2000), the Court restated the four necessary elements: (I) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. . . . Only where reasonable minds disagree does it become an issue for the jury." (Internal quotation marks omitted.) Rock v. Mott Metallurgical Corp., Superior Court, judicial district of New Britain, Docket No. 492215 (January 10, 2001, Shapiro,J.). CT Page 2737
The plaintiffs do allege in count seven and in those allegations from earlier counts that are incorporated by reference into count seven that the alleged conduct was extreme and outrageous, that the conduct was the cause of the plaintiffs' emotional distress and that the emotional distress sustained was severe. Nevertheless, even taking the pleadings in their most favorable light, the plaintiffs have not alleged that the defendants intended to inflict emotional distress or that they knew or should have known that emotional distress was likely to result. It is this intentional element that is the linchpin of a claim for intentional infliction of emotional distress. Without this allegation of intentional behavior, this cause of action for intentional infliction of emotional distress is legally insufficient. The motion to strike the seventh count is granted.[5]
 IV. Conclusion
Accordingly, for the foregoing reasons, the motion to strike each of the seven counts of the plaintiffs' complaint is hereby granted in its entirety. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT